--------o--------

WEBB and Others *v.* BAIRD and Another.

ESCROW.—DELIVERY OF BOND.—Where one executes a bond as security for another and delivers it to the latter, upon his promise to procure the signatures of other persons named, and the bond is delivered to the obligee without such signatures, if there be nothing on the face of the bond to indicate that others were to sign it, it is valid.

APPEAL from the *Vigo* Common Pleas.

RAY, C. J.—The appellees filed their complaint to have a bond declared void, which they had signed with one *Wasson*, as his sureties. The complaint charges that the appellees signed the bond and delivered it to *Wasson* as an escrow, to be held by him until he procured the signatures of two other persons, who are named, when it was to be delivered to the appellants, to be held by them as security for the

faithful discharge by said *Wasson* of his duties as an express agent, acting for the appellants. It is alleged that at the time they executed the bond, the name of *Wasson* alone was written in the body of the instrument, and a blank was left for the names of his sureties, and that *Wasson* delivered the bond to the appellants without procuring the additional names, as he had promised; that at a subsequent date, a suit had been instituted by the appellants upon the bond, for a default by *Wasson*, but that the suit had been dismissed, and the appellants now threaten to commence proceedings in the *United States* Circuit Court. A copy of the bond is filed, and it contains the names of the persons who have signed it, and none other.

A demurrer was overruled to this complaint. It was held in the case of *Inhabitants of South Berwick* v. *Huntress et al.*, 53 Me. 89, that a party executing a deed, bond, or other instrument, and delivering the same to another, knowing that there are blanks in it to be filled, in order to make it a perfect instrument, must be considered as agreeing that the blanks may be thus filled after he executes it. In this case, the filling of the blank with the names of the sureties was not required, and cannot affect the validity of the bond. The instrument came into the hands of the appellants, perfect in form, and there is no averment that they had any knowledge of the agreement between *Wasson* and the appellees. It is proper to state that this case was decided in the court below before the opinion of this court was pronounced in the case of *Deardorff et al.* v. *Foresman*, 24 Ind. 481. Following the ruling in that case, we hold that the demurrer should have been sustained to the complaint.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer.

*L. Barbour, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks*, for appellants.

*J. P. Baird* and *C. Cruft*, for appellees.