## PRESCOTT v. BACON.

1. **Appeal from Justice's Court;** LESS THAN $25: DISMISSAL ON MOTION: JUDGMENT ON APPEAL BOND: JURISDICTION. Where an appeal is taken from the judgment of a justice's court to the circuit court, in a case where an appeal is not allowed, because less than $25 is involved, and the appeal is dismissed on motion for that reason, while the circuit court has no jurisdiction to entertain the appeal, it has jurisdiction, under § § 3580 and 3594 of the Code, to render judgment against the appellant and his surety for the costs made on the appeal, and for the amount of the judgment appealed from.

*Appeal from Calhoun Circuit Court.*

FRIDAY, OCTOBER 24.

THIS cause involves less than twenty-five dollars. It was commenced before a justice of the peace, where there was a judgment rendered against the plaintiff, who appealed to the circuit court. A motion was made by the defendant to dismiss the appeal, which was sustained, and judgment was rendered against A. A. Williams, as surety in the appeal bond, for the amount of the judgment before the justice of the peace. Plaintiff and said Williams appeal.

*R. M. Wright*, for appellant.

*J. C. Kerr*, for appellee.

ROTHROCK, CH. J.—The question certified to us by the circuit court, and by which we acquire jurisdiction of the appeal, is as follows:

"Where an appeal has been taken from the judgment of a court of a justice of the peace by the plaintiff therein to a circuit court, and defendant in the circuit court makes a motion to dismiss the appeal on the ground that the amount in controversy in the justice's court, as shown by the pleadings therein, is less than twenty-five dollars, and said motion is sustained, can the circuit court, on sustaining said motion,

legally make an order for judgment against the surety on the appeal bond for the amount of the judgment in the court below, where the language of said appeal bond is in the following words, to-wit: 'The undersigned acknowledge ourselves indebted to Nelson Bacon in the sum of two hundred and twenty-five dollars, upon the following condition: Whereas, H. Prescott has appealed from the judgment of Enoch Skinner, a justice of the peace, in an action between H. Prescott, as plaintiff, and Nelson Bacon, defendant; now if said appellant pays whatever is legally adjudged against him in the further progress of this cause, then this bond to be void.'"

The claim made by counsel for appellants is that, as the circuit court had no jurisdiction of the appeal, no judgment can legally be entered against the surety in the appeal bond for the amount of the judgment rendered by the justice of the peace.

Section 3580 of the Code provides that no appeal shall be allowed until a bond is taken and filed in the office of the justice, and "if the judgment be affirmed, or if on a new trial the appellee recovers, or if the appeal be withdrawn or dismissed, judgment shall be rendered against the principal and surety in the bond." Other provisions of the statute provide that, upon an appeal being taken, all further proceedings before the justice shall be suspended, and if an execution has been issued it shall be recalled by a certificate from the justice of the peace that an appeal has been allowed. And the justice is required to file the original papers in the case, and a transcript of his docket entries, in the office of the clerk of the circuit court. Section 3954 provides that "any judgment in the circuit court against the appellant shall be entered up against him and his sureties jointly."

The case is this: Can a party take an appeal and suspend a judgment, and make costs in the circuit court, and, when judgment is rendered against him and his surety upon its being ascertained that he had no right to appeal, resist such

judgment on the ground that the circuit court had no jurisdiction to try the case on its merits?

The court had jurisdiction to examine the record before it, and dismiss the appeal, or affirm the judgment of the justice. It cannot be claimed that the circuit court did not have jurisdiction to render a judgment upon the appeal bond for the costs which accrued in the circuit court. It would be a most singular state of affairs, if a party who invokes the jurisdiction of a court is not liable for the costs, when it is ascertained that the court has no jurisdiction.

Appeal bonds are for the security of appellee, and for the protection of the appellant against the judgment, pending the appeal. If plaintiff's position be correct, a party may have an appeal allowed when he has no right to appeal, and, after the delay caused by the wrongful proceedings, he and the surety on the bond may insist that the bond is void.

We do not think that this position is sound. Under sections 3580 and 3594 of the Code, above cited, the court, upon dismissing an appeal, may render a judgment against the appellant, not only for the costs which accrue in the circuit court, but for the amount of the judgment before the justice of the peace. And, if this may be done, section 3594 imperatively requires that any judgment entered up against the plaintiff shall be against him and his sureties jointly.

We have not considered the question as to the right of the surety to appeal to this court. It appears from the record that both the plaintiff and the surety appealed.

                                        AFFIRMED.