HARRY A. THOMPSON v. THE FARGO HEATING & PLUMBING COMPANY.

Opinion filed June 28, 1905.

### Appeal from Justice Court — Approval of Undertaking.

1. The fact that the undertaking on appeal from justice court was presented to the clerk of the district court, and his approval indorsed thereon before the notice of appeal and undertaking were served, was not an irregularity which invalidated the appeal.

Appeal from District Court, Burleigh county; *Burke*, S. J.

Action by Harry A. Thompson against the Fargo Plumbing & Heating Company. Judgment for plaintiff, and defendant appeals.

Reversed.

*Newton & Dullam*, for appellant.

*F. H. Register,* for respondent.

ENGERUD, J.    Appeal from a judgment of the district court dismissing an appeal from justice court for irregularity. The appellant, before serving the notice of appeal and undertaking on the adverse party, presented the undertaking to the clerk of the district court, and the latter indorsed thereon a formal approval thereof. The notice and undertaking were served two days later, and were subsequently filed in the clerk's office, with proof of service. All these acts were done within the time allowed for appeal. The only irregularity alleged as ground for dismissal was the fact that the formal approval was indorsed on the undertaking before service and filing. This was no ground for dismissal. It is not material in what chronological order the acts necessary to perfect an appeal are done, provided they are all done within the time prescribed by law. Respondent relies upon the case of Eldridge v. Knight, 11 N. D. 552, 93 N. W. 860, wherein Judge Cochrane, speaking for the court, said: "The statute makes the service, approval and filing of the undertaking, prerequisite to the transfer of jurisdiction from one court to the other.    *    *    * The order of performance of the separate steps necessary to be taken in accomplishing the transfer is the order in which they are named. The first step is the service of the notice of appeal and undertaking upon the adverse party or his attorney, and the last one necessary to the transfer of jurisdiction is the filing of the notice of appeal and undertaking in the clerk's office." In that case the district court had dismissed an appeal because the undertaking had not been filed and approved before service. This court reversed that ruling of the lower court, and held that it was proper practice to serve the notice and undertaking, and have it approved and filed afterwards. It was not intended by the language used in that case to convey the idea that the successive steps requisite to an appeal must necessarily be taken in the order therein mentioned, and not otherwise.

The judgment is reversed.    All concur.