**NORTHERN IMPROVEMENT COMPANY,**
Plaintiff and Appellant,

**v.**

**STATE of North Dakota, Defendant and Appellee.**

Civ. No. 8895.

Supreme Court of North Dakota.

Dec. 5, 1973.

Wattam, Vogel, Vogel & Peterson, Fargo, for plaintiff and appellant.

Allen I. Olson, Atty. Gen., and B. Timothy Durick, Sp. Asst. Atty. Gen., for the Director of Institutions, Bismarck, for defendant and appellee.

PAULSON, Judge.

This is an appeal from a judgment of the district court, which judgment awarded Northern Improvement Company [hereinafter Northern] $12,000 on a contract with the State of North Dakota [hereinafter State].

On February 5, 1971, the State, by its Director of Institutions, hired Northern to repair a broken sewer line under the Heart River in Mandan. The sewer line ran from the State Industrial School to the city sewer system in Mandan, and the break in the sewer line allowed raw sewage to be discharged into the Heart River. The contract was awarded and the work performed by Northern on a time and materials basis. The total charge for materials and labor submitted by Northern to the State was $13,561.30.

The district court found that the work was done by Northern under emergency circumstances and that Northern should have judgment for the full $13,561.30. However, the district court awarded judgment to Northern for only $12,000 because at that time, under § 48–02–02, N.D.C.C., $12,000 was the maximum amount that could be contracted for by the State without advertising for competitive bids for a contract. The State did not advertise for, nor did it receive bids on, the contract in question.

Northern appeals from the judgment of the district court and specifies as error the application of § 48–02–02, N.D.C.C., to the contract in the instant case.

At all times relevant to the instant case, § 48–02–02, N.D.C.C., in pertinent part, read as follows:

"In altering, repairing, or constructing *any* building belonging or appertaining to *any* of the public institutions of the state . . . or in making *any* improvements connected therewith or pertaining thereto, or in doing *any* work thereon amounting to more than twelve thousand dollars, the governing body of such public institution . . . *shall* procure such plans, drawings, and specifications thereof, upon competitive bids

or otherwise as such board may deem necessary." [Emphasis added.]

■ There is no dispute that the type of construction work done in this case falls under § 48–02–02; the claim by Northern is that the statute should not be applied in this case because the work was done under emergency circumstances and therefore Northern should be entitled to judgment in the full amount of the bill it submitted to the State.

Section 1–02–05, N.D.C.C., provides:

*"Construction of unambiguous statute.* —When the wording of a statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

McKee v. Kinev, 160 N.W.2d 97 (N.D. 1968). See Hill v. Schroeder, 156 N.W.2d 695 (N.D.1968). The emphasized portions in the above-quoted part of § 48–02–02, N.D. C.C., make it clear to us that the Legislature intended no exceptions to be made to the mandate of that statute. The use of the word "any" to qualify the work or improvements to be done that require competitive bids indicates that no exceptions to the rule are to be made. The *expressio unius est exclusio alterius* (expression of one thing is the exclusion of another) rule applies. Black's Law Dictionary, 4th Edition (1957), p. 692.

Our research discloses that by far the majority of the cases that address themselves to emergency exceptions to the competitive bidding rule are dealing with statutes or ordinances that expressly provide for emergency exceptions. See Merchants Nat. Bank & Trust Co. v. City of Grand Forks, 130 N.W.2d 212 (N.D.1964). It is our belief that if there is to be an exception to the competitive bidding rule of §

48–02–02, N.D.C.C., such exception will have to be supplied by the Legislature.

Rule 52(a) of the North Dakota Rules of Civil Procedure provides, in part:

*"(a) Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment . . . Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . . ."

The district court found, among other things, that the contract was performed by Northern under emergency conditions involving the dumping of raw sewage into the Heart River, that the sum of $13,561.30 was a reasonable charge for the work done by Northern, and that Northern should have judgment for the sum of $13,561.30.

The attorneys for the parties involved agreed that no transcript was needed, since there was no dispute as to the facts of this case. As a result, we are unable to say that the findings of fact of the district court were clearly erroneous.

From its findings, the district court concluded that § 48–02–02, N.D.C.C., applies to all contracts entered into by the State, including those entered into under emergency conditions, and that because of § 48–02–02, Northern was restricted to a maximum judgment of $12,000, notwithstanding that it should have had judgment for $13,561.30. We are in agreement with the conclusions of law of the district court.

The judgment is, accordingly, affirmed.

ERICKSTAD, C. J., and TEIGEN, KNUDSON and VOGEL, JJ., concur.