Gary HAUGEN, d/b/a Haugen's
Construction Service, Plaintiff
and Appellant,

v.

CITY OF BERTHOLD, Defendant
and Appellee.

Civ. No. 9496.

Supreme Court of North Dakota.

June 21, 1978.

Harris P. Kenner of Waldron, Kenner,
Halvorson & Sturdevant, Minot, for plaintiff and appellant.

Collin P. Dobrovolny of Anderson, Tossett & Berning, Minot, for defendant and appellee.

VOGEL, Justice.

Gary Haugen, a contractor, appeals from a judgment against him in an action brought by him against the City of Berthold. At the request of the parties, who agree that there is an emergency, we expedited oral argument and the issuance of this opinion. We affirm the judgment.

The City advertised for bids for the construction of improvements to a waste water treatment system, and the plaintiff bid on the project. His bid was the lowest submitted, and the parties have stipulated that the City would have awarded the contract to him if it were not for the fact that he did not hold a current contractor's license or renewal issued at least 10 days prior to the date set for receiving bids, as required by Section 43–07–12, N.D.C.C. A stay of the award of the contract to the next lowest bidder was granted pending the determination of the appeal.

Haugen held a Class A contractor's license for the year 1977. The bid opening on the city project was scheduled for March 15, 1978, and the bids were opened on that date. Haugen obtained a renewal of his 1977 license on the following day, March 16, 1978.

Section 43–07–10, N.D.C.C., provides that licenses are renewed for a *calendar* year. It also provides that the application for renewal must be made on or before the first day of April of each successive calendar year and the renewal certificate is good for the then current calendar year.

Haugen argues that these provisions must be read so as to allow a contractor to apply for renewal up until April 1 of each calendar year and obtain a certificate which is retroactively effective from January 1 of that year. He cites no decisional or statutory authority for this position.

The City likewise cites no statutory or decisional authority, but relies upon a series of seven opinions of the North Dakota At-

torney General, extending from 1967 to 1978, consistently holding that renewal certificates are not retroactive, and that a bid should not be opened unless the envelope containing it affirmatively shows that the bidder holds a current year's license at the time of the opening of bids and for 10 days prior thereto. Section 43–07–12, N.D.C.C., specifies the information which must be given on the outside of the envelope containing the bid, and this information includes "Date on which license was issued or renewed."

Haugen also argues that the provisions of the various statutes governing the question before us, Sections 43–07–09, 43–07–10, and 43–07–12, are unreasonable and unworkable unless construed as he advocates they should be construed. He points out that the Secretary of State, who issues the licenses, is required by Section 43–07–09 to hold up the issuance of the license for 10 days after the filing of the application for license, and that the application for license must include, according to 43–07–10, a list in duplicate showing each contract or subcontract obtained by the licensee during the preceding calendar year in North Dakota, together with a description of the nature of the work contracted or subcontracted, and, if a performance bond was required by the contract, the name and address of the corporation or other person who issued the bond. He argues that strict compliance with these provisions would create a hiatus of 10 days or more at the beginning of January of each year during which it would be impossible for the contractor to submit a bid, since he would not have a current calendar-year license while the Secretary of State is holding his application, and that he could not submit an application until he had compiled the information as to his previous year's contracts. As to the latter, we note that the statute requires only a listing of the contracts obtained, not the contracts completed, and that a listing of the contracts obtained should not be difficult for any contractor to compile within a reasonably short period of time.

At any rate, as to the argument that contracts could not be entered into early in January, it is not before us and need not be decided. The bid opening we are concerned with was on March 15, not one of the first days of January, and there is no need for us to decide a hypothetical question as to what would have happened if the bid opening had been held in early January.

The City also argues policy questions, pointing out that the requirement of a license was designed to eliminate bidders who are financially unable to handle public contracts, and that the purpose of the statute would be undermined if a contractor could await the result of a bid opening during the first three months of the year and then obtain his license after ascertaining that he was the low bidder. The City also points out that it should be able to rely upon, and act upon, the information contained in the bids and on the envelopes containing them.

Such policy arguments, of course, should primarily be directed to the Legislature. While the arguments made could be construed as raising a constitutional question, no constitutional authority is cited. Appellant certainly did not bring up the "heavy artillery" we have said to be required to overcome the presumption of constitutionality which is attached to all statutes enacted by the Legislature. *Southern Valley Grain Dealers Ass'n v. Board of County Commissioners of Richland County,* 257 N.W.2d 425 (N.D.1977). On the record before us, no constitutional issue is presented.

We conclude that Haugen's bid did not comply with the law. On the date set for receiving bids, he did not hold a current calendar year's license as a contractor. The fact that he obtained a license the following day does not retroactively license him on earlier dates. The language of the statute is plain, in that the licenses are issued for calendar years and licenses or renewals must be held prior to the date set for receiving bids.

The fact that a license may be renewed up until April 1 without penalty merely means that a contractor need not decide until the end of March whether to continue

in business as a public contractor. He is, of course, free to engage in private contracts without compliance with statutes which relate only to public contracts. But he may not bid on public contracts unless he holds a current calendar-year license as a public contractor 10 days before the date set for receiving bids. If he submits bids between January 1 and April 1, it is his obligation to obtain a current renewal 10 days prior to the date set for receiving bids. If he fails to do so, he is not a qualified bidder.

Since the language of the statute is plain, there is no need for us to construe it. *Northern Improvement Company v. State,* 213 N.W.2d 885 (N.D.1973); *In re Dilse,* 219 N.W.2d 195 (N.D.1974); *Hughes v. North Dakota Crime Victims Rep. Bd.,* 246 N.W.2d 774 (N.D.1976).

If the language were ambiguous, we would give weight to the "long-continued practical construction placed thereon by officers charged with the duty of executing and applying the statute[s]." *State v. Gronlie,* 213 N.W.2d 874, 881 (N.D.1973); *Horst v. Guy,* 219 N.W.2d 153 (N.D.1974).

The Attorney General is the chief law-enforcement official of the State and is required by law to advise all State officers when requested to give written opinions on legal questions relating to the duties of such officers. Sec. 54–12–01, subsec. 6, N.D.C.C.; *Giese v. Engelhardt,* 175 N.W.2d 578 (N.D.1970). Such opinions are entitled to respect.

Since Haugen was not a duly licensed contractor on the date set for receiving bids, the City had no authority to enter into a public contract with him. The judgment of the trial court is correct, and it is affirmed.

ERICKSTAD, C. J., and SAND, PEDERSON and PAULSON, JJ., concur.