310 N.W.2d 726 (1981)
Harold SPLETTO, Bea Spletto, Harry Stroh, Clementine Stroh, Randy Peters, and Karla Peters, Appellants Below and Appellants,
v.
BOARD OF COUNTY COMMISSIONERS, STARK COUNTY, North Dakota, Respondent Below and Appellee.
Civ. No. 9998.
Supreme Court of North Dakota.
October 5, 1981.
*727 John O. Holm, of Beyer & Holm, Dickinson, for appellants.
Owen K. Mehrer, State's Atty., and John J. Fox, Asst. State's Atty., Dickinson, for appellee; argued by Mr. Fox.
VANDE WALLE, Justice.
Appellants appealed from an order of the district court of Stark County dismissing their appeal from a decision of the Board of County Commissioners of Stark County (hereinafter "County"). We reverse.
*728 Appellants, on September 23, 1980, filed a timely appeal from a zoning decision of the County but failed to file an undertaking at that time. The call of the calendar in the district court of Stark County was held on October 14, 1980. The County, on October 27, 1980, filed a motion to dismiss the appeal based upon the failure of the appellants to file an undertaking and upon the failure of the appellants to allege that they were aggrieved by the decision of the County. On November 4, 1980, the appellants filed an undertaking but the district court granted the County's motion to dismiss on March 23, 1981.
On this appeal the appellants contend that the district court should not have granted the County's motion to dismiss the appeal to district court for the reason that the undertaking is not a jurisdictional requirement of an appeal from a decision of the County and that the late filing of the undertaking should not defeat their right to appeal the zoning decision.
The right to appeal is statutory and may be exercised only when authorized by statute, and unless the statutory requirements as to service of notice of appeal and filing proofs of service are met, the district court acquires no jurisdiction over the appeal. See, e. g., Matter of Estate of Ewoniuk, 303 N.W.2d 553 (N.D.1981).
The right of the appellants to appeal the decision of the County is provided by Section 11-11-39, N.D.C.C. That section provides, in part:
"An appeal may be taken to the district court from any decision of the board of county commissioners by any aggrieved person. The appellant shall file an undertaking in such reasonable sum and with such sureties as may be approved by the county auditor, conditioned that the appellant will prosecute the appeal without delay and will pay all costs adjudged against the appellant in the district court. The undertaking shall be payable to the county."
The method of appeal is specified in Section 11-11-41, N.D.C.C., which provides, in part:
"An appeal from a decision of the board of county commissioners must be taken within thirty days after the decision of the board by serving a written notice of appeal upon one member of the board.... The county auditor, upon the filing of the undertaking, shall make out a complete transcript of the proceedings of the board relating to the matter in controversy, and shall deliver the same to the clerk of the district court."
Section 11-11-42, N.D.C.C., is also significant to this matter. It provides:
"An appeal from a decision of a board of county commissioners shall be filed on or before the first day of the term of the district court following the taking of the appeal, and the cause shall stand for trial at such term."
It is a commonly accepted rule of statutory construction that all statutes relating to the same subject matter are to be considered and given meaningful effect. See, e. g., Litten v. City of Fargo, 294 N.W.2d 628 (N.D.1980). Considering together the three statutes quoted above, it becomes apparent that in granting a right of appeal from a decision of a county the Legislature intended that such appeal be pursued promptly.
Because the county auditor is not authorized to prepare a transcript of the proceedings until the undertaking is filed and because the district court cannot hear an appeal from a decision of the County without a record of the proceedings, it is also apparent that the undertaking is necessary before the appeal may be heard by the district court. We agree with the appellants, however, that the undertaking is not jurisdictional to the appeal, unlike the filing of the notice of appeal itself. The statutes in this instance do not specify when the undertaking is to be filed, although it might be assumed that it is to be filed in conjunction with the notice of appeal in order to fulfill the legislative intent expressed in the above-quoted statutes. Nevertheless, we are reluctant to conclude that the filing of the undertaking is a jurisdictional prerequisite *729 to the taking of the appeal unless the statute specifically so provides.
In In re Bjerke's Estate, 137 N.W.2d 225 (N.D.1965), this court considered the provisions of Section 30-26-03, N.D.C.C., governing an appeal to the district court from the county probate court. That statute provided that to effect an appeal the appellant must cause a notice of appeal to be served on each of the other parties "and must file such notice with the proofs of service, and an undertaking for appeal, in the county court, within thirty days from and after the date of the order or decree." In Bjerke the court held that the failure to file the proof of service with the notice of appeal within the 30-day period made the appeal ineffective. Here, the statute does not specifically require the filing of the undertaking with the notice of appeal as does Section 30-26-03, N.D.C.C. Rather, Section 11-11-41 provides that the appeal is taken by service of a written notice of appeal upon one member of the board of county commissioners. Although, as we have already noted, the district court cannot hear the appeal until the transcript of the proceedings is filed by the county auditor, we do not view the failure to file the undertaking within the 30-day period as jurisdictional. In re Guardianship of Frank, 128 N.W.2d 355 (N.D.1964); Eldridge v. Knight, 11 N.D. 552, 93 N.W. 860 (1903).
Despite our conclusion that the filing of the undertaking is not jurisdictional, the statutes obviously contemplate a prompt disposition of an appeal of a decision of the board of county commissioners. Section 11-11-42, N.D.C.C., specifies that the matter is to be heard at the next term of district court following the appeal. According to the order of the district court dismissing the appeal, the matter was on the court's calendar and the calendar was called on October 14, 1980. The failure of the appellants to file the undertaking prevented the district court from promptly hearing the appeal as implied by statute. That failure necessarily constituted grounds for a dismissal of the appeal within the discretion of the district court. In this instance the motion to dismiss the appeal was filed before the undertaking was filed and may have precipitated the filing of the undertaking by the appellants. The failure to file the undertaking caused considerable inconvenience to the district court and to the County. There is no indication in the record, by affidavit or otherwise, of the reason for the delay in filing the undertaking. Where an appellant has failed to file the undertaking promptly and does not do so until a motion to dismiss the appeal has been served, we believe the appellant should indicate the justification, if any, for his failure.
The Rules of Appellate Procedure applicable to appeals to the Supreme Court specify that a failure to cause timely transmission of the record is justification for dismissal of the appeal. Rule 11(h), N.D.R. App.P. However, we have indicated that because we believe it important to reach the merits of a case wherever possible, we would not dismiss an appeal for failure to cause the timely transmission of a record where it does not appear the appellee was prejudiced. LeFevre Sales, Inc. v. Bill Rippley Const., 238 N.W.2d 673 (N.D.1976). Although these rules are not applicable to appeals to district court from decisions of a board of county commissioners, that rationale has application in those instances in which the default is not jurisdictional.
As we have already noted, the record is devoid of any reason for the delay in filing the undertaking by the appellants. The record is also devoid of any evidence of prejudice to the County as a result of failing to file the undertaking. Although it is possible the district court dismissed the appeal in the exercise of its discretion, a reading of the order dismissing the appeal indicates to us that the appeal was dismissed as a jurisdictional matter. Because we do not believe the filing of the undertaking to be a jurisdictional matter, because the undertaking was submitted to the county auditor for approval prior to the hearing on the motion to dismiss, and because we find no evidence of prejudice to the County in the failure to promptly file the undertaking, we reverse *730 the order of the district court dismissing the appeal and remand the case to the district court for the purpose of hearing the appeal on its merits.
ERICKSTAD, C. J., and PAULSON, PEDERSON and SAND, JJ., concur.