Buck JONES, Appellant,

v.

NORTH DAKOTA WORKMEN'S COM-
PENSATION BUREAU, Appellee.

Civ. No. 10303.

Supreme Court of North Dakota.

May 12, 1983.

Irvin B. Nodland (argued), of Lundberg,
Conmy, Nodland, Lucas & Schulz, Bis-
marck, for appellant.

Joseph F. Larson II, Asst. Atty. Gen.,
Workmen's Compensation Bureau, Bis-
marck, for appellee.

PAULSON, Justice.

Buck Jones [Jones] appeals from a judg-
ment of the District Court of Burleigh
County dismissing his appeal from an order
of the North Dakota Workmen's Compensa-
tion Bureau [Bureau] denying a request to
reopen his claim. The Bureau has moved to
dismiss Jones's appeal. We grant the Bu-
reau's motion to dismiss, and affirm the
judgment of the district court.

Jones suffered an injury to his back while
working as a "dozer operator" on October
19, 1976. He filed a claim with the Bureau
on December 22, 1976, and liability was
accepted. Jones received benefits from the

Bureau until July 21, 1977, at which time the Bureau issued an order denying further benefits. Jones requested a rehearing and submitted additional medical information indicating that his disability was continuing. As a result, the Bureau issued an order revoking its previous order denying further benefits on October 5, 1977. The Bureau then paid Jones disability benefits through August 22, 1977, and paid his medical expenses through June 1978.

Jones had no contact with the Bureau from June 1978 until February 1981. At that time, he submitted to the Bureau additional medical bills incurred during January 1981 for services from Dr. John Greene and the Bishop Clarkson Memorial Hospital in Omaha, Nebraska. On March 23, 1981, the Bureau wrote a letter to Jones advising him that the medical information it had received from the doctor and the hospital did not indicate that the treatment he received was associated with the back injury he suffered in 1976. Accordingly, the Bureau did not pay such bills.

On June 5, 1981, the Bureau issued another order denying further benefits to Jones. The Bureau's findings of fact stated, in relevant part:

"XI

"That the Bureau did not hear from the claimant regarding his back condition between June, 1978 and February, 1981.

"XII

"That medical evidence of January 27, 1981, indicates that the claimant's back problem was a muscle spasm originating in the lumbar spine.

"XIII

"That, according to medical evidence of March, 1981, x-rays indicate that there is severe facet settling and degnerative [sic] changes in the spine, probably representing a chronic facet type syndrome.

"XIV

"That there is no evidence to substantiate that the claimant's back problems in 1981 are in any way the direct result of an injury on October 19, 1976."

The Bureau's order was served upon Jones as well as his employer and his attorney in Nebraska. After Jones received notice of the Bureau's action, he contacted his present counsel in Bismarck. Counsel informed us that after reviewing the Bureau's file on the case, he told Jones that "there was virtually no possibility of obtaining a reversal" of the Bureau's order because "there was no medical evidence in the file tying the current back problems to the 1976 injury". Counsel then advised Jones to seek updated medical reports from his present doctors commenting on the possible relationship between his current back problems and his 1976 injury.

Jones then contacted Dr. Bruce Hinkley, an orthopedic surgeon in McAlester, Oklahoma. In a letter dated June 18, 1981, Dr. Hinkley stated:

"I have been treating the above patient since March 19, 1981. His condition has not improved in the time I have been treating him, in fact his back has deteriorated since comming [sic] out of the flexion body jacket. We will do some Facet Injections and see if a short fusion would be feasable [sic]."

Counsel stated that in his opinion the letter did not lend support to the establishment of a causal connection between the 1976 injury and Jones's current medical problems. According to counsel, because of the absence of any medical evidence to establish a causal relationship, there did not appear to be any basis or reason for filing a petition for rehearing or an appeal from the Bureau's June 5, 1981, order denying further benefits. Subsequently, the 30-day period during which Jones could have appealed from the Bureau's order denying further benefits expired. See §§ 65–10–01 and 28–32–15 of the North Dakota Century Code.

Jones then made another appointment with Dr. Hinkley, and in a letter dated July 31, 1981, the doctor stated, in relevant part:

"Buck E. Jones has a chronic facet type syndrome. It will be a slow improving type of injury probably from 6 to 8 months. I do feel that his facet syndrome is from the injury he received in 1976."

Upon receiving this letter, counsel wrote to the Bureau on August 20, 1981, requesting that it reopen Jones's file for reconsideration. In a letter dated September 8, 1981, counsel for the Bureau responded by stating that the Bureau had considered the letter and all of the records in the file and had decided not to reopen the matter. Jones appealed the Bureau's decision to the district court. The Bureau filed a motion to dismiss the appeal on the grounds that a notice of appeal had not been filed within 30 days of the original June 5, 1981, order denying further benefits and that, under § 65–05–04, N.D.C.C., there is no appeal from a decision by the Bureau not to reopen a claim after the Bureau's order on the claim has become final. On December 8, 1981, the district court remanded the matter to the Bureau for the entry of an appropriate order denying the request to reopen Jones's claim. Such an order was issued by the Bureau on January 13, 1982.

Jones then appealed from the order to the district court. The Bureau once again filed a motion to dismiss the appeal on the same grounds. The district court dismissed the appeal with prejudice on February 28, 1982.

On May 18, 1982, Jones again filed for reinstatement of his workmen's compensation benefits based on information contained in another letter from Dr. Hinkley. That letter, dated April 21, 1982, states, in part, that:

"I think Mr. Jones's injury caused injury to these lower facet joints as well as probably some disruption in the cartlidaginous [sic] junction at his spondylolysis. His injury therefore, not only brought about new facet injury, but aggravated the preexisting condition of his spondylolysis. I think Mr. Jones could benefit greatly from surgical fusion of the lower two levels and it is further my opinion that the proximate cause of his disability with relation to his back is the accident that he suffered on the bulldozer."

On June 14, 1982, the Bureau issued an order denying Jones's latest request to reopen his claim. In support of its order, the Bureau stated that "The medical information submitted was available to the Bureau at the time it issued its Order Denying Further Benefits". Jones appealed the order to the district court. The Bureau moved to dismiss the appeal on the same grounds it had urged on the previous occasions. On August 26, 1982, the district court granted the Bureau's motion to dismiss, stating:

"The motion to dismiss the appeal is hereby granted, Section 65–05–04 of the North Dakota Century Code providing that decisions not to reopen are not reviewable.

"As the Court has previously stated, the only remedy available to the claimant is via a writ of mandamus to compel the bureau to do its duty. Even if such a writ were brought in this case, it would be denied."

Judgment of dismissal was entered by the district court on September 8, 1982. It is from this judgment that Jones appeals. The Bureau has made a motion in this court to dismiss Jones's appeal.

The determinative issue presented in both the Bureau's motion to dismiss and Jones's appeal is whether or not the Bureau's June 14, 1982, order denying Jones's request to reopen his claim is appealable.

■ An appeal is not a matter of right, but is a creature of statute, and, as such, no right to appeal exists unless it is authorized by statute. *See, e.g., Spletto v. Bd. of Cty. Com'rs, Stark Cty.,* 310 N.W.2d 726, 728 (N.D.1981); *Matter of Estate of Ewoniuk,* 303 N.W.2d 553, 555 (N.D.1981); *Matter of Estate of Bieber,* 256 N.W.2d 879, 882 (N.D. 1977); *Trengen v. Mongeon,* 200 N.W.2d 50, 52 (N.D.1972); *Keller v. Keller,* 158 N.W.2d 694, 696 (N.D.1968); *In Re Bjerke's Estate,* 137 N.W.2d 225, 227 (N.D.1965); *State v. Bakke,* 117 N.W.2d 689, 692 (N.D.1962).

Section 65–05–03, N.D.C.C., provides that the Bureau shall have full power and authority to determine all questions within its jurisdiction, and its decisions, except as provided in Chapter 65–10, N.D.C.C., shall be final and shall be entitled to the same faith and credit as a judgment of a court of record. Section 65–05–04, N.D.C.C., addresses the Bureau's continuing jurisdiction over claims, and provides:

"*65–05–04. Bureau has continuing jurisdiction over claims properly filed.* If the original claim for compensation has been made within the time specified in section 65–05–01, the bureau at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation. *There is no appeal from a bureau decision not to reopen a claim after the bureau's order on the claim has become final.*" [Emphasis added.]

Jones argues that it could not have been the intent of the legislature to deny a claimant the right to appeal from the Bureau's decision not to reopen a claim after the Bureau's order denying benefits has become final, because such a position is contrary to the stated legislative purpose of our Workmen's Compensation Act and would lead to unjust results.

■ We believe that the meaning of § 65–05–04, N.D.C.C., is clear and unambiguous. The statute allows the Bureau to review an award at any time and to end, diminish, or increase the compensation previously awarded. A claimant may then appeal the Bureau's decision on its review of

the award in accordance with the provisions of §§ 65–10–01 and 28–32–15, N.D.C.C.[1] After the Bureau's order on that claim has become final, the claimant is always entitled to submit additional evidence and request that the Bureau reopen his claim. The Bureau's decision regarding whether or not to reopen the original claim, however, is discretionary and the claimant has no right to appeal from that decision.[2] It is evident that our legislature was aware of the possible consequences of not allowing a claimant the right to appeal from such a decision when it amended § 65–05–04, N.D.C.C., in 1981. *See* Minutes of the Senate Committee on Industry, Business and Labor, January 12, 1981 [S.B. 2127]; § 3, Ch. 643, 1981 S.L.

The language of § 65–05–04, N.D.C.C., does not permit us to read into it the right of a claimant to appeal from the Bureau's decision not to reopen a claim. If greater safeguards are needed to protect a claimant's ability to continue to participate in the Workmen's Compensation Fund, it is within the province of the legislature, and not the judiciary, to provide such protection.

■ In the present case, the Bureau issued its order denying further benefits on June 5, 1981. Jones neither requested a rehearing nor appealed from the Bureau's order within the 30-day period allowed under §§ 65–10–01 and 28–32–15, N.D.C.C. Therefore, the Bureau's order on Jones's claim became final. On May 18, 1982, Jones submitted a letter from Dr. Hinkley and requested that the Bureau reopen his claim. The Bureau issued an order denying Jones's request on June 14, 1982. Section 65–05–04, N.D.C.C., does not allow Jones to appeal from that decision.

---

1. *See also* § 92–01–02–10 of the North Dakota Administrative Code.

2. We note that this court's recent decision in *Hammond v. North Dakota State Personnel Board,* 332 N.W.2d 244 (N.D.1983), does not affect this conclusion. In *Hammond* our court construed § 28–32–15, N.D.C.C., as authorizing a right of appeal from decisions of administrative agencies because the current definition of an "administrative agency" set forth in § 28–

32–01(1), N.D.C.C., no longer requires that there be an express statutory grant of a right of review under a statute located outside of the provisions of Chapter 28–32, the Administrative Agencies Practice Act. However, § 28–32–15, N.D.C.C., does not authorize a right of appeal "in cases where the decision of the administrative agency is declared final by any other statute", as is the case here. *See* § 65–05–04, N.D.C.C.

■ Jones further contends that if § 65–05–04, N.D.C.C., bars an appeal from the Bureau's order denying a request to reopen a claim, the statute is unconstitutional because, he argues, "Any rule, regulation or statute that delegates final, unreviewable power to an administrative agency violates the separation of powers design of the North Dakota Constitution and specifically violates Article VI, Section 1 which vests all judicial power of the state in a unified judicial system". This is the extent of his constitutional argument. He has provided the court with no citations or supportive reasoning. The Bureau's brief does not specifically address this contention.

We have stated that "One who attacks a statute on constitutional grounds, defended as that statute is by a strong presumption of constitutionality, should bring up his heavy artillery or forego the attack entirely." *So. Valley Grain Dealers v. Bd. of Cty. Com'rs*, 257 N.W.2d 425, 434 (N.D.1977). *See also State v. Hagstrom*, 274 N.W.2d 197, 200 (N.D.1979); *Haugen v. City of Berthold*, 267 N.W.2d 198, 199 (N.D.1978); *State v. Ternes*, 259 N.W.2d 296, 300 (N.D. 1977). Jones's allegation is not sufficient to raise the constitutional issue. *See Haugen, supra; Ternes, supra.*

■ The Bureau requests that this court deny any attorney fees in connection with this appeal and order that Jones pay the Bureau for any costs incurred. In order to do so, § 65–10–03, N.D.C.C., requires a determination that the appeal is frivolous. We do not find that this appeal is frivolous, and, therefore, we deny the Bureau's request.

For the reasons stated in this opinion, we grant the Bureau's motion to dismiss Jones's appeal, and affirm the judgment of the district court.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.