2006 ND 35

**PREFERENCE PERSONNEL, INC.,
Plaintiff and Appellant**

v.

**Craig PETERSON, Defendant
and Appellee.**

**No. 20050255.**

Supreme Court of North Dakota.

Feb. 8, 2006.

Michelle M. Donarski, Anderson & Bottrell, Fargo, ND, for plaintiff and appellant.

C. Charles Chinquist, Fargo, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Preference Personnel appealed from a district court judgment dismissing its complaint against Craig Peterson for the alleged breach of an employment agreement. The district court's judgment dismissed Preference Personnel's complaint and awarded Craig Peterson costs and disbursements. We affirm.

I

[¶ 2] This action arises from an alleged breach of an employment agreement between Preference Personnel and Craig Peterson. Preference Personnel is a North

Dakota corporation with a physical location in Fargo, North Dakota. On July 12, 2002, Peterson entered into an employment agreement with Preference Personnel under which Preference Personnel would assist Peterson in finding work. Peterson, an attorney and CPA, was looking for full-time work in the tax law field. The employment agreement provided the employer would pay the placement fee but if the employee voluntarily quit the position found by Preference Personnel within 90 days, the employee was solely responsible for the placement fee required under the agreement. The placement fee for Preference Personnel's services, under the agreement, was 20% of one year's gross salary.

[¶ 3] About December 19, 2003, Preference Personnel placed Peterson with the Tax Law Office. Peterson's annual gross salary with the Tax Law Office was $60,000. Therefore, the placement fee was $12,000. Peterson worked at the Tax Law Office part-time beginning on February 2, 2004, but voluntarily quit at the end of that same month. The Tax Law Office initially paid the placement fee but when Peterson quit his position at the Tax Law Office, Preference Personnel reimbursed the Tax Law Office for the fee it had paid. Preference Personnel then requested payment of the fee from Peterson. Peterson refused to pay the fee and Preference Personnel sued Peterson arguing his refusal to pay the fee is a breach of the employment agreement.

[¶ 4] As an employment agency, Preference Personnel is required to obtain a license from the Commissioner of Labor. Preference Personnel's license expired on October 27, 2001, and it did not apply for renewal until October 2002. Preference Personnel and Peterson entered into the contract on July 12, 2002, at a time when Preference Personnel was not licensed.

Although there is no requirement that the Department of Labor give notice to employment agencies to remind them to renew their license, it has been the Department of Labor's customary practice to mail reminder notices to private employment agencies prior to the license expiration date. Each year the Department of Labor would send Preference Personnel a written notice and application form. The Department of Labor did not send Preference Personnel this courtesy notice in 2001 and Preference Personnel neglected to renew its license. In an attempt to remedy the situation, in October of 2002, the Department of Labor issued Preference Personnel a retroactive license for the period of October 28, 2001 to October 27, 2002. At the same time, the Department of Labor renewed Preference Personnel's license extending the license from October 28, 2002 to October 27, 2003. It is this retroactive license issuance which is at issue in this case.

[¶ 5] The district court found Peterson's actions were a breach of the contract and under the terms of the contract, Peterson would be required to pay Preference Personnel the $12,000 placement fee. However, the district court held that N.D.C.C. ch. 34–13 does not allow the Department of Labor to issue retroactive licenses and thus Preference Personnel was not licensed at the time the contract was entered into. Therefore, the district court found the employment agreement unenforceable as a matter of public policy and dismissed Preference Personnel's complaint and awarded Peterson costs and disbursements.

II

[¶ 6] Preference Personnel argues N.D.C.C. ch. 34–13 allows the Department of Labor to issue retroactive licenses. The construction of a statute is a

question of law, fully reviewable on appeal. *Pratt v. Altendorf*, 2005 ND 32, ¶ 12, 692 N.W.2d 115. Questions of law are subject to de novo review. *Landis v. CNA Ins.*, 1999 ND 35, ¶ 4, 589 N.W.2d 590. "When a statute is clear and unambiguous 'it is improper for courts to attempt to go behind the express terms of the provision so as to legislate that which the words of the statute do not themselves provide.'" *Cervantes v. Drayton Foods, L.L.C.*, 1998 ND 138, ¶ 9, 582 N.W.2d 2. "In interpreting a statute, words must be given their plain, ordinary, and commonly understood meaning; and consideration should be given to the ordinary sense of the statutory words, the context in which they are used, and the purpose which prompted their enactment." *County of Stutsman v. State Historical Soc'y*, 371 N.W.2d 321, 327 (N.D.1985). "If the language of a statute is clear and unambiguous, the letter of the statute cannot be disregarded under the pretext of pursuing its spirit because the legislative intent is presumed clear from the face of the statute." *Id.* at 325.

[¶ 7] In *Haugen v. City of Berthold*, 267 N.W.2d 198 (N.D.1978), this Court considered an argument similar to Preference Personnel's in a case involving a licensing statute. Haugen argued that under N.D.C.C. § 43–07–10 (1978), licenses were retroactively effective. *Id.* at 198. The 1978 version of N.D.C.C. § 43–07–10 allowed contractors to renew their licenses "on or before the first day of April of each successive calendar year." The statute further provided the "renewal certificate shall be good for the then current calendar year." N.D.C.C. § 43–07–10 (1978). Haugen argued if he received his license renewal on March 16, 1978, his license was retroactive to January 1 of that year thus covering any business he conducted before obtaining his renewal. *Haugen*, 267 N.W.2d at 198. This Court disagreed with Haugen's argument and held the language

of the statute was plain and did not work to retroactively provide a contractor with a license for the entire year. *Id.* at 199.

[¶ 8] The controlling statute in this case, N.D.C.C. § 34–13–02, provides:

A person may not open or carry on an employment agency if that person has a physical presence or location within the state, unless that person first procures a license from the commissioner. A person opening or conducting any such agency without first procuring a license is guilty of a class B misdemeanor.

The statute plainly provides that an employment agency with a physical presence in the State must first be licensed before conducting any business within the state. N.D.C.C. § 34–13–02. A plain reading of the statute does not give the Department of Labor the authority to issue licenses retroactively. N.D.C.C. § 1–02–03; *Cervantes v. Drayton Foods, L.L.C.*, 1998 ND 138, ¶ 9, 582 N.W.2d 2; *Haugen*, 267 N.W.2d at 199. Because the statute does not provide the authority for retroactive licenses, Preference Personnel was unlicensed at the time of the contract.

[¶ 9] Although our statutory law does not specifically prohibit the enforcement of a contract between an individual and an unlicensed employment agency, the statutes are clearly intended to provide protection to our citizens by establishing extensive licensing requirements before operating as an employment agency with a physical presence in North Dakota. N.D.C.C. ch. 34–13; *See Ranta v. McCarney*, 391 N.W.2d 161, 163 (N.D.1986) (holding although statutory law did not specifically prohibit compensation of unlicensed attorneys, the statute was clearly intended to provide protection to citizens from the unlicensed and unauthorized practice of law). The purpose of the statute is to determine, before an employment agency

operates in this State, whether that agency is fit to do so. N.D.C.C. § 34–13–03; *Ranta,* 391 N.W.2d at 163. The statute allows for an annual examination of employment agencies by requiring license renewal each year. N.D.C.C. § 34–13–03.

[¶ 10] In enacting N.D.C.C. ch. 34–13 the North Dakota Legislature established the policy of requiring licensure prior to conducting any activities as an employment agency in this State when the agency has a physical presence in the State. *See also Ranta,* 391 N.W.2d at 164 (holding a fair reading of N.D.C.C. § 27–11–01 and a prior decision of this Court indicated a legislative and Supreme Court policy preference of furthering the public policy concerns for prohibiting the unauthorized practice of law in this State by barring compensation for the unlicensed practice of law). If public policy considerations require employment agencies to undergo extensive licensing requirements before being allowed to legally conduct business in this State, it follows that it is against the public policy of this State to enforce a contract between an individual and an unlicensed employment agency. *Ranta,* 391 N.W.2d at 164. To conclude otherwise would undermine the purpose of the licensing requirement. We therefore agree with the district court that although Peterson may have breached the contract, the contract is unenforceable because Preference Personnel was an unlicensed employment agency at the time the parties entered into the contract.

### III

[¶ 11] Affirmed.

[¶ 12] BRUCE E. BOHLMAN, S.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 13] The Honorable BRUCE E. BOHLMAN, S.J., sitting in place of SANDSTROM, J., disqualified.