2008 ND 74

**STOCKMAN BANK OF MONTANA, a Montana banking corporation, Plaintiff and Appellant**

v.

**AGSCO, INC., a North Dakota corporation, Capital Harvest, Inc., d/b/a/ Capital Harvest Finance Company, a North Dakota corporation, individually and as agent for AGSCO, Inc., Defendants and Appellees**

and

**Farmers Union Oil Company of Williston, a North Dakota cooperative association, MON–KOTA, Inc., a Montana corporation, Betaseed, Inc., a Minnesota corporation, Central Insurance Agency, a North Dakota corporation, Steven D. Cayko, a/k/a Steve Cayko, Perry Elletson, a/k/a Perry E. Elletson, Ron Gross, a/k/a Ronnie Gross, Edward P. Ochs, a/k/a Eddie Ochs, Tom Ochs, Mark Brunelle, Kelly Brunelle, and Bill Sheldon, Defendants**

and

**Farmers Union Oil Company of Williston, a North Dakota cooperation association, Third-party Plaintiff**

v.

**Hardy Farm, Inc., and Jim Hardy, Third-party Defendants.**

No. 20070357.

Supreme Court of North Dakota.

April 18, 2008.

Garth H. Sjue (argued) and Jennifer M. Nasner (on brief), Crowley, Haughey, Hanson, Toole & Dietrich, P.L.L.P., Williston, ND, for plaintiff and appellant.

David J. Eilertson, Brown Corporations, Grand Forks, ND, for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶ 1] Stockman Bank of Montana ("Bank") appealed a judgment awarding interest at a rate of 1.5 percent on money it received in repayment from AGSCO, Inc. ("AGSCO"). We reverse and remand for further proceedings in accordance with this opinion.

I.

[¶ 2] The Bank had deposited proceeds from the sale of a farmer's crop with the district court, which was to determine the priority of several agricultural suppliers' claims to the proceeds. In January 2006, a judgment against the Bank in favor of AGSCO was entered in the amount of $287,406.30. The amount was wired from the district court fund to AGSCO on January 27, 2006, in satisfaction of the judgment. In *Stockman Bank of Montana v. AGSCO, Inc.*, 2007 ND 26, 728 N.W.2d 142, this Court reversed a portion of the district court judgment, holding that agricultural suppliers' liens do not apply for supplies applied to crops in another state.

[¶ 3] On June 11, 2007, after remand, AGSCO returned to the Bank a stipulated amount of $127,810.27. The Bank brought a motion to determine whether AGSCO owed interest, and if so, the applicable interest rate. The district court awarded an interest rate of 1.5 percent, the rate earned on the funds while deposited with the district court, from the time the money was paid to AGSCO until it was repaid to the Bank.

II.

[¶ 4] The only issue on appeal is whether the rate of 1.5 percent is appro-

priate. The standard of review for issues of law is de novo. *Preference Personnel, Inc. v. Peterson*, 2006 ND 35, ¶ 6, 710 N.W.2d 383.

[¶ 5] The applicable interest rate when a judgment is paid but later reversed is a question of first impression in North Dakota. There is no statutory or case law in our jurisdiction regarding this issue. Comment d of Restatement of Restitution § 74 states, "upon reversal of the judgment the payor is entitled to receive from the creditor the amount thus paid with interest" but does not specify an applicable interest rate. Restatement of Restitution, § 74 cmt. d (1937).

[¶ 6] However, N.D.C.C. § 47–14–05 states that "[i]nterest for any legal indebtedness must be at the rate of six percent per annum unless a different rate ... is contracted for in writing." In the absence of a specific contractual rate of interest, prejudgment interest must be calculated at the prescribed legal rate of interest in legal and equitable actions. *Hirschkorn v. Severson*, 319 N.W.2d 475, 480 (N.D.1982). Prejudgment interest is calculated at the rate provided in N.D.C.C. § 47–14–05; after judgment, interest is calculated at the rate prescribed by N.D.C.C. § 28–20–34. *Bismarck Realty Co. v. Folden*, 354 N.W.2d 636, 642 (N.D. 1984).

[¶ 7] There were no other claims to the proceeds at the time the Bank paid the judgment to AGSCO and the Bank would have been entitled to the $127,810.27 if the district court had correctly determined the amount owed to AGSCO. The Bank argues it is entitled to interest at the judgment rate established under N.D.C.C. § 28–20–34. But there was no judgment entitling the Bank to the money or requiring AGSCO to repay the money until after the decision by this Court in 2007 in *Stockman Bank of Montana v. AGSCO, Inc.*,

and therefore there was no failure by AGSCO to pay a judgment. AGSCO argues that had the trial court not distributed the funds to AGSCO, the funds would not have been in the possession of the Bank but on deposit with the trial court until the appeal was decided and therefore the 1.5 percent rate is appropriate. This ignores the fact the funds were distributed and AGSCO had use of the funds during the period in question. The interest is for AGSCO's use of the Bank's money based on an erroneous court order upon which AGSCO reasonably relied. We believe this is a legal indebtedness for which there is no other specified rate of interest, contractual or statutory, and the plain language of N.D.C.C. § 47–14–05 therefore applies.

[¶ 8] Thus, where a party is erroneously ordered to pay another, we conclude the party is entitled to interest at the legal rate prescribed by N.D.C.C. § 47–14–05 when the judgment is later reversed. Once a judgment has been entered, the judgment rate found in N.D.C.C. § 28–20–34 applies.

[¶ 9] We reverse and remand for further proceedings in accordance with this opinion.

[¶ 10] BRUCE E. BOHLMAN, S.J., and DALE V. SANDSTROM, CAROL RONNING KAPSNER, MARY MUEHLEN MARING, JJ., concur.

[¶ 11] The Honorable BRUCE E. BOHLMAN, S.J., sitting in place of CROTHERS, J., disqualified.