38862. AETNA INSURANCE COMPANY *et al.*
v. GIPSON.

DECIDED JUNE 26, 1961—REHEARING DENIED JULY 7, 1961.

110

*Erwin, Birchmore & Epting, Nicholas P. Chilivis,* for plaintiffs in error.

*Guy B. Scott, Jr,. James E. Hudson,* contra.

JORDAN, Judge. An agreement fixing compensation between the employer and employee, approved by the Board of Workmen's Compensation, and not appealed from, is res judicata as to the matters therein determined, and the parties are precluded from thereafter contradicting or challenging the matters thus agreed upon. *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397, 399 (24 SE2d 309); *Hartford Accident &c. Co. v. Carroll,* 75 Ga. App. 437, 444 (43 SE2d 722). Under this principle as applied to the evidence in this case, it is our

opinion that the compensation agreement entered into between the claimant and the defendants in this case following the injury of July, 1959, is res judicata of the fact that the claimant received either an original back injury or an aggravation of a prior injury as a result of which claimant suffered a slipped disc. Accordingly, since the evidence authorized the finding that the claimant was suffering from this condition at the time of the hearing based on a change of condition and since the evidence authorized the finding that there had been a change of condition and that the claimant was temporarily totally disabled, the Superior Court of Clarke County did not err in affirming the award of the hearing director.

While Dr. Green, who was the claimant's witness, testified that the claimant's disability stemmed from the 1957 injury and was not related to the 1959 injury, the only reasonable construction of his testimony is that the disability which the claimant suffered in 1959 and for which a compensation agreement was entered into by the parties also stemmed from the 1957 injury. The defendants, however, by not asserting this defense after the 1959 injury and by entering into the compensation agreement, are now estopped under the doctrine of res judicata from contending that the present disability is unrelated to the 1959 injury since the evidence authorizes the finding that the present disability and that suffered after the 1959 injury are one and the same.

Thus, the case of *Roberts v. Lockheed Aircraft Corp.*, 93 Ga. App. 440 (92 SE2d 51), and the other cases relied on by the defendants for the proposition that the fact that compensation was paid under the 1959 agreement does not preclude them from showing that the present disability did not stem from the admitted liability, are not applicable here. In those cases, as pointed out in the *Roberts* case, supra, the present disability was not traceable to the original injury and admitted liability whereas in the instant case they are one and the same.

Accordingly, the director's findings of fact being authorized by the evidence and there being no errors of law which require a reversal of this case, the judgment under review must be affirmed.

*Judgment affirmed. Townsend, P.J., and Frankum, J., concur.*