[No. 1626-1.    Division One.    June 3, 1974.]

EDITH BROWN, *Appellant,* v. THE BOARD OF INDUSTRIAL INSURANCE APPEALS *et al., Respondents.*

*Mathew D. Griffin,* for appellant.

*Slade Gorton, Attorney General,* and *Michael J. Welch, Assistant,* for respondents.

CALLOW, J.—The claimant appeals from a judgment of the trial court sustaining an order of the Board of Industrial Insurance Appeals denying a claim for aggravation of an injury allegedly suffered in 1959 during the course of employment.

The findings of the trial court set forth the chronology and facts of the case as follows:

## I.

The plaintiff sustained an injury to her low back in September, 1959, while in the course of her employment with Valetor Cleaners, when she lifted a box of cardboard collar supports weighing 20-25 lbs. On May 27, 1960, the Department entered an order allowing the claim but denying responsibility for the condition described as unstable lumbo-sacral joint and bursitis of the right shoulder and neck strain. This order became final and binding on July 27, 1960. On November 1, 1960, the Department entered an order closing the claim with no award for permanent partial disability. The plaintiff protested and on January 9, 1961, the Department issued a further order adhering to its prior order. On July 15, 1963, the plaintiff filed an application to reopen her claim for aggravation of condition and on September 10, 1963, the Department issued an order denying the application. On October 11, 1963, the Department entered an order holding the prior order in abeyance pending further investigation. On December 5, 1963, the Department entered an order adhering to its prior order of September 10, 1963, and denying the application to reopen.

## II.

On May 13, 1964, the plaintiff filed an application to reopen her claim for aggravation of her low back condition and on July 14, 1964, the Department entered an order denying the application.

## III.

On December 15, 1964, the plaintiff filed an application to reopen her claim for aggravation of her low back condition. On March 22, 1965, the Department entered an order denying the application and on April 9, 1965, the plaintiff appealed to the Board. On May 7, 1965, the Board entered an order granting the appeal.

## IV.

Subsequent to hearings held in this matter, an order was entered by the Board on April 25, 1966, sustaining the Department order of March 22, 1965. On June 1, 1967, the Department entered an order reopening the claim effective November 1, 1965, for treatment and on November 21, 1967, the Department closed the claim with a permanent partial disability award of 30% of the maximum allowable for unspecified disabilities. On January

18, 1968, the plaintiff appealed and on February 14, 1968, the Department entered an order making its order of November 21, 1967, interlocutory, pending further investigation.

## V.

On February 15, 1968, the Board entered an order denying the plaintiff's appeal and on May 14, 1968, the Department closed the claim with an additional permanent partial disability award of 5% of the maximum allowable for unspecified disabilities. On May 28, 1968, the plaintiff appealed from that order and on June 7, 1968, the Board granted the appeal. On December 12, 1968, a Board order was entered dismissing the appeal.

## VI.

On May 16, 1969, the plaintiff applied to reopen the claim on the basis of aggravation of condition. On August 11, 1969, the Department entered an order reopening the claim effective April 16, 1969, for authorized treatment, but on August 12, 1969, the Department entered an order cancelling and superseding its order of August 11, 1969. Thereafter, on December 4, 1969, the Department entered an order in the form of a letter to the plaintiff denying the plaintiff's application to reopen and reiterating its position that the original order of May 27, 1960, denied responsibility for the cervical spine condition and the condition of the claimant's left upper extremity and asserting that the report of Drs. Johnston and White of July 23, 1969, did not show a worsening of the accepted low back condition. On December 18, 1969, the plaintiff appealed and on January 16, 1970, the Board granted the appeal. On February 11, 1971, plaintiff filed a notice of appeal to this court from the Board's order of January 20, 1971.

## VII.

The medical evidence in the record pertaining to plaintiff's condition after the Department's closure of May 14, 1968, establishes that there was no worsening of plaintiff's low back condition between May 14, 1968 and December 4, 1969 that resulted in increased disability or a need for further treatment.

## VIII.

Plaintiff has had persistent complaints related to her cervical spine since the injury. There is no evidence in the record that plaintiff has developed a new condition in

her cervical spine since the injury. Any changes in her cervical spine condition are not related to her industrial injury of 1959.

Based on these findings, the trial court concluded:

II.

The Department's order of May 27, 1960, denying responsibility for plaintiff's neck condition is res judicata on the issue of causal relationship between plaintiff's cervical spine condition and the industrial injury of September 1, 1959.

III.

The order of the Board of Industrial Insurance Appeals dated January 20, 1971, which sustained the order of the Department dated December 4, 1969, affirming its prior order of August 12, 1969, denying plaintiff's application to reopen her claim on the ground of aggravation, is correct and should be sustained.

IV.

The Defendant, Department of Labor and Industries, is entitled to judgment in this cause.

The claimant asserts that the trial court erred in entering findings of fact Nos. 7 and 8 and in entering conclusions of law Nos. 2, 3, and 4.

Following the accident of September 1, 1959, the claimant was examined by a doctor, William Hummel. The doctor recommended that the claimant's lower back be treated by the department and that departmental treatment be denied for complaints relative to the claimant's neck because, in the doctor's opinion, that condition was unrelated to the industrial accident. The department issued an order dated May 27, 1960, stating in part:

IT IS FURTHER ORDERED that the claim be allowed for an aggravation of a preexisting unstable lumbosacral joint. The Department is not responsible for the chronic unstable joint or bursitis of right shoulder, and/or neck strain.

No appeal was taken from that order, and it became final on July 27, 1960. Between 1963 and 1965, the claimant applied to the department to reopen her claim for aggravation of condition several times, and the application was

denied each time. A final denial in 1965 was appealed to the Board of Industrial Insurance Appeals.

■ Workmen's compensation cases are considered in the same light as other civil cases on appeal in that a review of factual issues is limited to whether the findings are supported by substantial evidence. *Pend Oreille Mines & Metals Co. v. Department of Labor & Indus.*, 63 Wn.2d 170, 385 P.2d 856 (1963); *Benedict v. Department of Labor & Indus.*, 63 Wn.2d 12, 385 P.2d 380 (1963).

■ The burden is upon the claimant in an aggravation case to establish that an industrial injury has become aggravated between the two terminal dates, that is the dates of the last previous and most recent closure or denial of an application to reopen a claim for aggravation. *Phillips v. Department of Labor & Indus.*, 49 Wn.2d 195, 298 P.2d 1117 (1956); *Moses v. Department of Labor & Indus.*, 44 Wn.2d 511, 268 P.2d 665 (1954); *Kleven v. Department of Labor & Indus.*, 40 Wn.2d 415, 243 P.2d 488 (1952).

Finding No. 7 is substantially supported in the record. The claimant's condition as of the first terminal date, May 14, 1963, was established by the findings of Drs. Sprecher and Suver dated April 16, 1968. Her condition as of July 23, 1969, was established by a medical examination by Drs. Johnston and White. A comparison of these two reports provides substantial evidence for finding No. 7, that the claimant's condition did not deteriorate between the dates in question. Finding No. 8 is also supported by substantial evidence by the medical conclusion reached in 1960 that the claimant's neck condition was not related to her industrial injury.

■ Further, the May 27, 1960, department order denying responsibility for the claimant's neck condition never having been appealed is res judicata on the issue of causal relationship between the claimant's cervical spine condition and the industrial injury of September 1, 1959. *LeBire v. Department of Labor & Indus.*, 14 Wn.2d 407, 128 P.2d 308 (1942). In *LeBire,* the court held that where the department found as a fact that the arthritic condition of a work-

man was not due to an industrial injury and no appeal was taken from the order based on that finding, the order was conclusive and res judicata barred further litigation as to the cause of the condition. Drs. Johnston and White were not in a position to conclude that there was a causal connection between a low back injury suffered in September 1959 and the worsening of the cervical spine condition in view of the order of May 27, 1960. The previous order (having been accepted by the claimant when not appealed) shut off any reconsideration of that issue.

The claimant contends that *Kleven v. Department of Labor & Indus.*, *supra*, and *Collins v. Department of Labor & Indus.*, 42 Wn.2d 903, 259 P.2d 643 (1953) indicate res judicata does not bar a claim for aggravation. It was held in *Collins* that an order of the department from which an appeal is taken is res judicata as to any issue before the department at the time the order was entered but is not res judicata as to any aggravation occurring subsequent to the date of the order. The case points out that for the claimant to prove a claim for aggravation, he must show that his condition is different from and worse than at the time of the prior closing of the claim. The *Kleven* case stands for the same propositions. Neither case deals with the issue before us. Both cases support the rule that even if an order is not appealed the order will not bar on the ground of res judicata a subsequent claim for aggravation of an injury which is *causally* related to the industrial injury. Neither case contradicts the rule that if (a) an order of the department is based on a finding that a causal connection does not exist between an industrial injury and a claimed disability and (b) that finding is allowed to stand without appeal, then it follows that the finding becomes res judicata and may not be relitigated at a later time. *Lehtinen v. Weyerhaeuser Co.*, 63 Wn.2d 456, 387 P.2d 760 (1963); *Shufeldt v. Department of Labor & Indus.*, 57 Wn.2d 758, 359 P.2d 495 (1961); *Karlson v. Department of Labor & Indus.*, 26 Wn.2d 310, 173 P.2d 1001 (1946).

Our review confirms that the trial court's findings are substantially supported by the record. The conclusions reached by the trial court follow from the findings entered.

Affirmed.

FARRIS and WILLIAMS, JJ., concur.