Joseph P. MANIKOWSKE, Claimant and Appellant,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Respondent and Appellee.

Civ. No. 10403.

Supreme Court of North Dakota.

Oct. 3, 1983.

Garaas Law Firm, Fargo, for claimant and appellant; argued by David A. Garaas, Fargo.

Joseph F. Larson II, Asst. Atty. Gen., North Dakota Workmen's Compensation Bureau, Bismarck, for respondent and appellee; argued by Joseph F. Larson II, Asst. Atty. Gen., Bismarck.

ERICKSTAD, Chief Justice.

This is an appeal by Joseph P. Manikowske from a district court judgment dismissing his appeal from a decision of the North Dakota Workmen's Compensation Bureau denying a request to reopen his claim. We affirm.

On April 23, 1979, Manikowske filed with the Bureau a claim for compensation relating to an injury he allegedly sustained at work.

---

* Justice WM. L. PAULSON served as a Surrogate Judge for this case pursuant to § 27–17– 03, NDCC.

After an informal hearing,[1] the Bureau concluded that Manikowske had failed to prove that he was entitled to benefits and issued findings of fact, conclusions of law, and order for dismissal on August 1, 1979. No appeal was taken. Manikowske served a petition for rehearing upon the Bureau. Additional correspondence and medical evidence was exchanged and the Bureau, on December 27, 1979, issued findings of fact, conclusions of law, and decision and order affirming its August 1 dismissal. No appeal was taken.

By letter of July 29, 1980, Manikowske's attorney requested a reopening of the claim. The request was denied. Manikowske again requested a reopening on December 19, 1980, and submitted additional medical evidence. On December 29, the Bureau informed Manikowske that it would not reopen the claim. Manikowske appealed that decision to the district court, which dismissed the appeal on April 14, 1981, pursuant to stipulation. With the stipulation for dismissal, Manikowske again requested a reopening. The request was denied.

On April 23, 1982, Manikowske filed with the Bureau an application for review requesting that the claim be reopened and that a formal evidentiary hearing be held. By letter of May 25, the Bureau's counsel informed Manikowske's attorney that the commissioners had considered the request and would not reopen the claim.

Although the record filed with this Court does not disclose that a formal order denying the request to reopen was issued by the Bureau, Manikowske appealed the May 25, 1982, decision to the district court. Concluding that it lacked jurisdiction, the district court dismissed the appeal. Judgment was entered on January 28, 1983, and Manikowske lodged this appeal.

The Bureau asserts that this Court does not have jurisdiction to hear this appeal. Section 65–05–04, N.D.C.C., provides:

"*65–05–04. Bureau has continuing jurisdiction over claims properly filed.* If the original claim for compensation has been made within the time specified in section 65–05–01, the bureau at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation. There is no appeal from a bureau decision not to reopen a claim after the bureau's order on the claim has become final."

The last sentence of the statute was added by an amendment adopted by the Legislature in 1981 at the request of the Bureau. S.L.1981, Ch. 643, § 3.

▮ Manikowske argues that application of the amendment to him would deprive him of his substantive right of access to the courts of this state. A right of appeal, however, is not a matter of right and exists only if authorized by statute. *Jones v. North Dakota Workmen's Compensation Bureau,* 334 N.W.2d 188, 190 (N.D.1983).

In *Jones v. North Dakota Workmen's Compensation Bureau, supra,* at 191, we said:

"[T]he meaning of § 65–05–04, N.D.C.C., is clear and unambiguous.... After the Bureau's order on [a] claim has become final, the claimant is always entitled to submit additional evidence and request that the Bureau reopen his claim. The Bureau's decision regarding whether or not to reopen the original claim, however, is discretionary and the claimant has no right to appeal from that decision....

---

1. We have held that Chapter 28–32, N.D.C.C., requires a formal hearing whenever an administrative agency acts in a quasi-judicial capacity unless the parties otherwise agree or there is no dispute of a material fact. *Steele v. North Dakota Workmen's Compensation Bureau,* 273 N.W.2d 692 (N.D.1978). We also stated that the Bureau may use "an informal hearing (a non-evidentiary hearing) for making an initial determination provided the Bureau will afford the claimant a formal hearing (an evidentiary hearing) upon request if a dispute of a material fact exists, ..." *Id,* at 701. Because of our disposition of this appeal, a determination of whether or not a formal hearing was required is unnecessary.

"The language of § 65–05–04, N.D. C.C., does not permit us to read into it the right of a claimant to appeal from the Bureau's decision not to reopen a claim. . . ."

■ "The justice, wisdom, necessity, utility and expediency of legislation are questions for legislative, and not for judicial determination." Syllabus ¶ 11, *Asbury Hospital v. Cass County,* 72 N.D. 359, 7 N.W.2d 438 (1943). Thus, whether a claimant ought to have a right of judicial review of a Bureau decision not to reopen a claim is a question for legislative determination. If greater safeguards are needed to protect a claimant's ability to obtain Bureau reopening and review of a claim upon the presentation of new or additional evidence "after the bureau's order on the claim has become final" (§ 65–05–04, N.D.C.C.), "it is within the province of the legislature, and not the judiciary, to provide such protection." *Jones v. North Dakota Workmen's Compensation Bureau, supra,* at 191.

Manikowske argues that the statutory scheme of the Workmen's Compensation Act is a contract between him, his employer, and the Bureau, and that application of the 1981 amendment to him would constitute an impairment of the obligations of contract in violation of the United States and North Dakota Constitutions. He argues that the courts must consider his claim based upon the statutory scheme in existence at the time his claim was submitted.

In support of his argument, Manikowske has cited *Permann v. Knife River Coal Mining Co.,* 180 N.W.2d 146, 162–163 (N.D. 1970), *Miller v. Norris Creameries,* 311 Minn. 343, 250 N.W.2d 161 (1976), and *Yaeger v. Delano Granite Works,* 250 Minn. 303, 84 N.W.2d 363 (1957).

■ While both *Miller, supra,* and *Yaeger, supra,* state that workmen's compensation acts are contractual in nature, they are inapposite because both cases dealt with increasing the amount of money to be paid by employers and their insurers after their risks and liabilities had been once determined. The holding in *Permann, supra,* that the board of university and school lands could not reserve any coal in lands sold after the board's determination that they were not "coal lands" was overruled in *Haag v. State, Board of University and School Lands,* 219 N.W.2d 121 (N.D.1974). The portion of *Permann* relied on by Manikowske generally states that statutes and constitutional provisions may not operate retrospectively to abrogate or otherwise affect property rights under a contract that are vested at the time of their adoption. As early as 1913, this Court said that an appeal "is a mere privilege which may be taken away at any time by the Legislature." *Wilson v. Kryger,* 26 N.D. 77, 143 N.W. 764, 766 (1913). Manikowske has not shown that a right to appeal a refusal to reopen a claim is a property right. Without more, we find his argument to be without merit.

Our determination that under § 65–05–04, N.D.C.C., Manikowske has no right to appeal the Bureau's decision not to reopen his claim renders unnecessary determinations of the other issues he has raised.

The district court's judgment of dismissal is affirmed.

VANDE WALLE, PEDERSON and SAND, JJ., and PAULSON,* Surrogate Justice, concur.