Laverne **GREGORY**, Appellee,

v.

**NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU,** Appellant.

**Civ. No. 10851.**

Supreme Court of North Dakota.

June 10, 1985.

Schneider, Schneider & Schneider, Fargo, for appellee; argued by Mark G. Schneider, appearance by John T. Schneider, Fargo.

Clare Hochhalter and Joseph F. Larson, II, Asst. Attys. Gen., Workmen's Compensation Bureau, Bismarck, for appellant; argued by Clare Hochhalter, Bismarck.

MESCHKE, Justice.

The North Dakota Workmen's Compensation Bureau appeals a district court judgment holding that the rate of payment for permanent impairments under § 65–05–12, N.D.C.C., is the statutory rate in effect at the time the impairment is determined rather than the statutory rate in effect on the date of the injury. We uphold the district court's judgment which reversed the Bureau's decision.

The facts are not disputed. Laverne Gregory was severely injured in the course of his employment in 1958. The Bureau paid disability and medical expense benefits in connection with that injury. Following a lengthy convalescence, Gregory continued to work until February 26, 1981, when the cumulative effects of the 1958 injury forced him to quit.

In March 1983, Gregory requested a permanent partial impairment award. On March 28, 1983, the Bureau made a twenty percent whole body impairment award with a lump sum payment based on the rate in effect in 1958, $31.50 per week. Gregory argued that he was entitled to receive $40 per week, the rate in effect at the time his permanent partial impairment was actually determined. Gregory appealed the Bureau's formal order to the Cass County District Court, which reversed the Bureau's decision on this issue, holding that "the permanent partial impairment award in this case must be based upon the statutory rate in effect at the time the impairment was determined by the Bureau."

Our review of cases appealed under chapter 28–32 N.D.C.C. (the Administrative Agencies Practice Act) is a review of the agency's decision and not a review of the district court's decision. The scope of our review is subject to the same standards as the district court's review of the agency's decision; § 28–32–21, N.D.C.C. The agency's decision must be affirmed unless any one of the six factors specified in § 28–32–19, N.D.C.C., is present. This appeal in-

volves only whether the agency's "decision or determination is not in accordance with the law."

■ The sole issue is whether the rate of payment for a permanent partial impairment award under § 65–05–12, N.D.C.C., is the statutory rate in effect at the time the impairment is determined or the statutory rate in effect on the date the compensable injury occurred. Statutory interpretation is a question of law, fully reviewable by this Court. *Ladish Malting Co. v. Stutsman County,* 351 N.W.2d 712, 718 (N.D. 1984).

The Bureau argues that the general rule in a majority of jurisdictions is that all rights to recover benefits vest on the date of injury and, accordingly, the rate in effect at the time of injury controls. Gregory, on the other hand, contends that the language of the applicable statute [1] clearly states that the Bureau is required to pay compensation only when an impairment determination is made and therefore, logic dictates that the date of determination of impairment controls when the right to compensation arises and the amount of payment. The district court concluded that Gregory's position was correct. We agree.

■ The Bureau relies on caselaw from other jurisdictions to support its position that the "general rule" is also the law in North Dakota. We find the Bureau's argument unpersuasive. To the contrary, the North Dakota legislature has clearly indicated that, for disability purposes, the rate in effect at the time a disability is determined controls and that time may or may not be the date of injury. Section 65–05–09, N.D.C.C., explicitly states (in pertinent part):

"... If an employee is disabled due to an injury, *that employee's benefits will be*

based upon the wage at the time of the commencement of the first disability. However, *if an employee suffers disability but is able to return to employment for a period of twelve months or more, that employee's benefits will be based upon the wage in effect at the time of the recurrence of the disability* or upon the wage that employee received prior to the injury, whichever is higher; *and the benefits shall be those in effect at the time of that recurrence....*" (Emphasis supplied.)

Although the Bureau concedes that disability benefits are computed at the time the disability commences or is determined, it asserts that because the disability almost always commences "in close proximity with the injury, the effect is to pay disability benefits at the rate in effect at the time of injury." That assertion ignores the plain provision that when an employee has returned to work for a period of twelve months or more and the employee suffers a recurrence of the disability, the rate of compensation is determined at the time of recurrence.

■ The Bureau further argues that there is a clear distinction between "disability" and "permanent impairment," since disability benefits compensate for lost wages due to an inability to work as a result of a compensable injury, while permanent impairment benefits compensate for loss of body use without regard to ability to work. The Bureau asserts that because the two kinds of benefits serve different purposes, there should be different standards for the time of determining the rate. While different standards might be possible, as a legislative matter, we are not persuaded that they are necessarily implied from the different purposes.

---

1. The relevant language of § 65–05–12, N.D.C.C., in effect at the time Gregory's permanent impairment was determined reads:

"65–02–12. *Permanent impairment—Weekly compensation—Time paid.* If the injury causes permanent impairment, other than scheduled injuries, as elsewhere provided for in this chapter, the percentage which such impairment bears to total impairment *shall be*

determined, and the fund *shall pay* to the impaired employee a weekly compensation in the sum of forty dollars per week for the following periods: ..."

S.L.1977, ch. 579, § 11, codified at § 65–05–12, N.D.C.C. (Emphasis supplied.) This section was amended by S.L.1983, ch. 700, § 1, to increase the weekly compensation rate to sixty dollars, but is otherwise unchanged.

The Bureau argues strenuously that because § 65–05–12 does not specify a time for determining the permanent impairment benefit rate, calculating impairment awards by the rate in effect on the date of determination results in an impermissible retroactive application of the later statutory rate. This retroactivity argument is premised on the faulty assumption that the impairment always takes place on the date of injury despite the fact that it sometimes does not become a permanent impairment until a later date as in this case. Common sense, as well as the plain language of § 65–05–12, tells us that an impairment does not take place until it is manifest and determined to be permanent.

■ To the extent that other states have determined that impairments arise at date of injury, those determinations further their particular workmen's compensation statutory schemes and legislative policies. They are not binding on us. Rather, our Workmen's Compensation Act is to be construed liberally so its benefit provisions can be extended to all those who can fairly be brought within them. *Inglis v. North Dakota Workmen's Compensation Bureau,* 312 N.W.2d 318, 322 (N.D.1981). Therefore, we conclude that permanent impairment awards are to be based on the rate in effect at the time the impairment is determined.

The Bureau contends that validating Gregory's position will encourage claimants to delay making their claims "until legislative increases suited their fancy...." and "... one can anticipate a great influx of PPI claims soon after a legislative benefit increase is implemented." The context of this case does not support these contentions.

The benefit rate in 1958, when Gregory was injured, was $31.50 per week. In 1983, when Gregory's permanent partial impairment was determined, the benefit rate was $40 per week, hardly a windfall that would tempt injured employees to delay making claims. The 1983 Legislative Assembly increased the rate to $60 per week, effective July 1, 1983. Gregory does not contend that he should receive that increased rate, which was effective after the time his impairment was determined to be permanent.

We reject the Bureau's argument that today's holding will have a negative effect on its ability to calculate and reserve future benefit liability. Until 1977, § 65–05–09 did not specify the time for determining disability benefit rates; S.L.1977, ch. 579, § 10. The Bureau, however, had long before followed an administrative policy of paying disability benefits based on the rate in effect on the date of the *commencement* of disability (not necessarily the date of injury); North Dakota Workmen's Compensation Bureau, Directive 7C Re-amended (June 2, 1971). There should be no greater uncertainty in establishing reserves for impairment award liability than there was for establishing disability benefit reserves before the 1977 legislative directive or for establishing reserves for recurrence of disability after the specific legislative action in 1977.

■ Finally, the Bureau argues that our holding may create an administrative nightmare if the many existing PPI claimants assert entitlement to higher benefit rates for their past awards. We believe that fear is unjustified. Principles of res judicata preclude reopening past permanent partial impairment awards that have already been finally determined.

Accordingly, we reverse the Bureau's decision and affirm the judgment of the district court.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and GIERKE, JJ., concur.