**Kemp C. LASS, Appellee,**

v.

**NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Appellant.**

**Civ. No. 870139.**

Supreme Court of North Dakota.

Nov. 19, 1987.

Schneider, Schneider & Schneider, Fargo, for appellee; argued by Mark G. Schneider.

Dean J. Haas, Asst. Atty. Gen., North Dakota Workmen's Compensation Bureau, Bismarck, for appellant.

LEVINE, Justice.

The North Dakota Workmen's Compensation Bureau (Bureau) appeals from a district court judgment modifying the Bureau's conclusions of law and order denying future benefits to Kemp C. Lass. We affirm.

Lass sustained two work-related injuries in 1984. The Bureau accepted liability and paid medical expenses resulting from those injuries.

In 1985, Lass enrolled in a vocational program and, in 1986, sought rehabilitation benefits to assist him in continuing his education. In an October 6, 1986, Order Denying Further Benefits, the Bureau found that Lass was capable of returning to gainful employment and that his job skills and work history were compatible

with his physical capabilities. The Bureau concluded that Lass "failed to prove that he is entitled to further benefits under the North Dakota Workmen's Compensation Act, over and above those benefits previously awarded and paid." The Bureau ordered that "benefits over and above those previously awarded and paid in connection with the claimant's [1984 injuries] are in all things denied."

Lass' counsel petitioned for rehearing, agreeing that "Lass is not entitled to disability or rehabilitation benefits *at this time*," but requesting that the Bureau "issue an Amended Order which clearly provides that any future request for benefits under the claim numbers in this case will be considered and determined according to the merits of the claims at that time." The Bureau issued an Order Affirming Order Denying Further Benefits and Denying Request For Rehearing.

Lass filed a timely appeal to the district court. The district court stated that the issue before it was "purely one of law whether the Bureau may properly issue an Order which has the effect of precluding any claim for future benefits based upon the claimant's condition at that future time." The court observed that "[t]he intent of the law is to protect an injured workman so long as his injury is covered by the law. If his injury should subside for a period of time and then reoccur, the workman should be able to have his claim reinstated." The court concluded that Lass "is entitled to make such claims in the future with the right of appeal to the Court if he believes the Bureau's decision is erroneous." The judgment entered orders the Bureau to "consider all future requests for benefits upon Appellant's two previously accepted claims, when and if made."

At oral argument both sides agreed that the language of the Bureau's order was intended to limit Lass' remedy for a change in medical condition to that of seeking a discretionary reopening under § 65–05–04, N.D.C.C. The Bureau argues that § 65–05–04, N.D.C.C., provides the Bureau with absolute discretion on the subject of reopening a claim once there has been a prior denial of benefits that was not appealed and that it precludes appeals from a decision not to reopen a claim even when there has been a change in the claimant's medical condition.

The dispositive issues in this appeal are: (1) whether the Bureau's order was appealable to the district court; and (2) whether the Workmen's Compensation Act authorizes the Bureau, in denying requested benefits, to deny future claims which are based upon a change in the claimant's medical condition.

### 1. Appealability

Section 65–05–04, N.D.C.C., provides:

"*65–05–04. Bureau has continuing jurisdiction over claims properly filed.* If the original claim for compensation has been made within the time specified in section 65–05–01, the bureau at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation. There is no appeal from a bureau decision not to reopen a claim after the bureau's order on the claim has become final."

In *Jones v. North Dakota Workmen's Compensation Bureau,* 334 N.W.2d 188, 191 (N.D.1983), this court said:

"We believe that the meaning of § 65–05–04, N.D.C.C., is clear and unambiguous. The statute allows the Bureau to review an award at any time and to end, diminish, or increase the compensation previously awarded. A claimant may then appeal the Bureau's decision on its review of the award in accordance with the provisions of §§ 65–10–01 and 28–32–15, N.D.C.C. After the Bureau's order on that claim has become final, the claimant is always entitled to submit additional evidence and request that the Bureau reopen his claim. The Bureau's decision regarding whether or not to reopen the original claim, however, is discretionary and the claimant has no right to appeal from that decision...."

"The language of § 65–05–04, N.D.C.C., does not permit us to read into it the right of a claimant to appeal from the Bureau's decision not to reopen a claim...."

The *Jones* decision was followed in *Manikowske v. North Dakota Workmen's Compensation Bureau*, 338 N.W.2d 823 (N.D. 1983). The Bureau asserts that "Lass can present no rationale to compel different standards for reopening than those set forth in *Jones*."

■ The Bureau's reliance on *Jones* and *Manikowske* is misplaced. Both decisions involved cases in which a claimant did not appeal an order denying benefits but later attempted to appeal from the denial of a subsequent request to reopen the case for consideration of new or additional evidence. The last sentence in § 65–05–04, N.D.C.C., which was adopted in 1981 at the request of the Bureau, made unappealable the Bureau's decisions not to reopen the claims. The drafter's notes explaining the amendment state, in part:

"This section is being amended to specify that, *where a Bureau decision is final and where there has not been an appeal*, if an employee requests a reopening at some later date the decision on whether to reopen is purely discretionary, and there is no appeal from such a decision." (Emphasis added).

Lass has not appealed from a decision not to reopen a claim. His appeal is from an order denying benefits. *Jones* and *Manikowske* stand for the proposition that, absent an appeal from an order denying benefits, a Bureau decision not to reopen the claim for consideration of new or additional evidence of medical condition at the time of a denial which is sought to be reopened is not appealable. *Jones* and *Manikowske* do not stand for the proposition that a Bureau decision not to reopen a claim upon a request based upon a change in the claimant's medical condition since the original decision is not appealable.

The language employed in the last sentence of § 65–05–04, N.D.C.C., and the circumstances surrounding its adoption indicate that the Legislature intended to relieve the Bureau from repetitive relitigation of an injured worker's present condition. There is no indication, however, that the Legislature also intended to relieve the Bureau from litigating subsequent changes in an injured worker's medical condition. It is one thing to request to reopen a claim for the consideration of new or additional evidence of medical condition existing at the time of an earlier denial; it is quite another to request to reopen a claim based upon a change in the claimant's medical condition. The last sentence of § 65–05–04, N.D.C.C., *Jones*, and *Manikowske* address only the former circumstance.

Section 65–10–01, N.D.C.C., provides, in part:

"*65–10–01. Appeal from decision of bureau.* If the final action of the bureau denies the right of the claimant to participate at all in the fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, *or upon any other ground going to the basis of the claim*, or if the bureau allows the claimant to participate in the fund to a lesser degree than that claimed by the claimant, if such allowance is less than the maximum allowance provided by this title, the claimant may appeal to the district court...." (Emphasis added.)

By denying future benefits, the Bureau has denied Lass the right "to participate at all in the fund" not only presently but also in futuro. Yet, Lass may well be entitled to participate in the fund in the future if his medical condition changes. We conclude that Lass' appeal of the Bureau's order denying further benefits is authorized by § 65–10–01, N.D.C.C., and is not precluded by the last sentence of § 65–05–04, N.D.C.C., which precludes only an appeal from a denial of a request to reopen a claim for the consideration of new or additional evidence of medical condition existing at the time of an earlier denial.

### 2. Present denial of future benefits

■ The Bureau's order in this case is too broad. By denying all future benefits,

it goes beyond denying the vocational rehabilitation benefits presently sought by Lass. The findings of fact about Lass' present medical condition and his ability to work do not support a denial of benefits in the future. Thus, the conclusions and decision of the Bureau "are not supported by its findings of fact." Section 28–32–19(6), N.D.C.C. Also, the order is too broad because it precludes benefits in the future, to which Lass might otherwise be entitled, based upon a change in his medical condition. It is thus "not in accordance with the law." Section 28–32–19(1), N.D.C.C.

Section 65–05–04, N.D.C.C., provides the Bureau with continuing jurisdiction to review awards and "end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, ... award compensation." We agree with Professor Larson's observation that such a provision:

> "is a recognition of the obvious fact that, no matter how competent a commission's diagnosis of claimant's condition and earning prospects at the time of hearing may be, that condition may later change markedly for the worse, or may improve, or may even clear up altogether."

3 *Larson's Workmen's Compensation Law* § 81.10, p. 15–528 (1983).

However, the Bureau argues that:

> "The general principles of res judicata in N.D.C.C. § 65–05–03 foreclose multiple appeals on the same issue by a claimant. N.D.C.C. § 65–05–04 was expressly intended to foreclose multiple appeals on the subject of a claimant's disability."

We disagree.

Section 65–05–03, N.D.C.C., provides in part:

> "*65–05–03. Jurisdiction of bureau to hear questions within its jurisdiction— Finality of determination.* The bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions, except as provided in chapter 65–10, shall be final and shall be entitled to the same faith and credit as a judgment of a court of record...."

The res judicata effect of a Bureau decision is somewhat limited. In *Geo. E. Haggert, Inc. v. North Dakota Workmen's Compensation Bureau,* 171 N.W.2d 104 (N.D. 1969), this court determined that the authority provided in § 65–05–04, N.D.C.C., to review and modify awards is not limited to a consideration of a change in the claimant's condition. We held that a 1962 award was not res judicata of any issue in a hearing held upon the Bureau's granting of a petition for rehearing of a 1963 award and that "the case was before the Bureau just as though those issues were being faced for the first time." *Id.,* at 108. An unappealed Bureau decision is res judicata unless the Bureau reopens a claim. The res judicata effect of a Bureau decision extends only to matters adjudicable at the time of that decision. Thus, absent a reopening, an unappealed decision on an employee's present medical condition is final and res judicata of his medical condition at that time. Such a decision, however, is not res judicata of his future medical condition, which was not adjudicable at the time of that decision. Thus, a present denial of benefits may not preclude subsequent awards based upon a change in the employee's medical condition.

The purpose of the Workmen's Compensation Act is to provide "for workmen injured in hazardous employments, and for their families and dependents, sure and certain relief." Section 65–01–01, N.D.C.C. We construe the Workmen's Compensation Act "liberally in favor of an injured workman" [Syllabus 4, *Boettner v. Twin City Constr. Co.,* 214 N.W.2d 635 (N.D. 1974)] "so its benefit provisions can be extended to all those who can fairly be brought within them" [*Gregory v. North Dakota Workmen's Compensation Bureau,* 369 N.W.2d 119, 122 (N.D.1985)]. So construing §§ 65–05–03, 65–05–04, and 65–10–01, N.D.C.C., we conclude that if a claimant presents the Bureau with a request for benefits based upon a change in the claimant's medical condition, the Bureau must exercise its jurisdiction and consider the request on its merits and the Bureau's decision thereon is subject to appeal.

To the extent that the Bureau has attempted to preclude any claim for benefits in the future due to a change in Lass' condition, its order is "not in accordance with the law." Section 28–32–19(1), N.D.C.C. To the extent that the Bureau has attempted to insulate from judicial review any future decision upon a claim for benefits based upon a change in Lass' condition, its order is ineffective. A bureau decision on review of a prior award pursuant to a subsequent application based upon a change in the employee's condition may be appealed to the courts. Section 65–10–01, N.D.C.C.; *Jones v. North Dakota Workmen's Compensation Bureau, supra.*

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.