James B. OLSON, Plaintiff
and Appellee,

v.

NORTH DAKOTA WORKERS
COMPENSATION BUREAU,
Defendant and Appellant.

Civ. No. 890272.

Supreme Court of North Dakota.

March 27, 1990.

Richard B. Baer (argued), Bismarck, for plaintiff and appellee.

Hugh Patrick Seaworth (argued), Asst. Atty. Gen., ND Workers Compensation Bureau, Bismarck, for defendant and appellant.

LEVINE, Justice.

The North Dakota Workers Compensation Bureau appeals from a district court order remanding the case to the Bureau for reconsideration on the merits. We reverse and remand.

James Olson suffered a work-related injury to his chest in December 1984 and began receiving disability benefits. Based upon the report of a specialist who evaluated Olson in a chronic pain rehabilitation program, the Bureau issued a formal order on February 9, 1987, terminating disability benefits. Olson did not appeal from that order.

On August 19, 1987, Olson's attorney requested that the case be reopened based upon new evidence that Olson's condition had worsened. The Bureau denied the request to reopen, and Olson's attempt to appeal from that decision was dismissed by the district court for lack of jurisdiction. On August 18, 1988, Olson's attorney again requested in writing that the Bureau reopen the case on the basis of an alleged worsening of Olson's medical condition.

Before the Bureau acted on Olson's second request to reopen, the parties entered into a stipulation to dismiss Olson's appeal of the Bureau's order denying his request for payment of a functional capacities assessment. The stipulation provided:

"1. That the Bureau issued two orders denying benefits to the appellant, the first one dated the 9th of February,

1987.... From that decision no appeal was taken because no medical evidence was presented by the appellant in support of his claim. Legally the parties agree that this matter is res judicata.

"2. A second decision by the Bureau was entered on the 4th day of March, 1988 ... wherein the benefits to the appellant were denied as it pertained to a 'functional capacities assessment' but was entitled to other benefits.

"3. The attorneys agree as follows:

"The Bureau:

"a. will pay the cost of the functional capacities assessment test already incurred by the appellant,

"b. agrees to a dismissal of the appeal and remand of this action without costs to the Bureau for its determination on the merits as to what benefits, if any, should be awarded to the appellant, arising out of his prior work related injury as may be supported by medical evidence adduced since the 9th of February 1987 order of the Bureau.

"It being understood that if the evidence is supportive of the appellant's position he may be awarded benefits retroactive to the point where his evidence warrants benefits including disability, earnings, etc. is satisfactorily shown."

After allowing Olson to put in evidence, the Bureau found that Olson's medical condition had not changed since February 9, 1987. The Bureau refused to reconsider its prior decision that Olson was not disabled in February 1987. Olson appealed to the district court, which concluded that the Bureau was required to reconsider its original determination that Olson was not disabled. The court entered its order remanding the case to the Bureau, and the Bureau appealed to this court.

■ The determinative issue presented on appeal is whether the Bureau was required to reconsider on the merits its decision that Olson was not disabled in February 1987.

In reaching its decision, the district court relied upon *Lass v. North Dakota Workmen's Compensation Bureau*, 415 N.W.2d 796 (N.D.1987). However, the district court read too much into *Lass*. In *Lass*, we held that when a claimant seeks to reopen a claim based upon evidence of a change in medical condition, the Bureau must exercise its jurisdiction and consider the request on its merits, and the Bureau's decision thereon is appealable. *Lass, supra*, 415 N.W.2d at 800–801.

In *Lass*, we took care to distinguish a request to reopen based upon a change in condition from a request to reopen to consider new or additional evidence of the claimant's medical condition at the time of an earlier denial. *Lass, supra*, 415 N.W.2d at 799. In the latter situation, the Bureau's decision whether to reopen the original claim and relitigate the claimant's earlier medical condition is discretionary, and the claimant has no right to appeal that decision. *See Manikowske v. North Dakota Workmen's Compensation Bureau*, 338 N.W.2d 823, 824–825 (N.D.1983); *Jones v. North Dakota Workmen's Compensation Bureau*, 334 N.W.2d 188, 191 (N.D.1983); Section 65–05–04, N.D.C.C. We stated in *Lass, supra*, 415 N.W.2d at 800, that "absent a reopening, an unappealed decision on an employee's present medical condition is final and res judicata of his medical condition at that time." Consequently, Olson did not have a right to relitigate the Bureau's decision that he was not disabled in February 1987.

The district court also relied upon the parties' stipulation in determining that the Bureau was required to reconsider on the merits its finding that Olson was not disabled. Olson specifically points to the provision whereby the Bureau agreed that it would "determin[e] on the merits ... what benefits, if any, should be awarded to the appellant." However, the interpretation urged by Olson, and adopted by the district court, would effectively read out of the stipulation the parties' agreement that the February 9, 1987 order, finding Olson not to be disabled at that time, would be res judicata.

■ A stipulation is contractual in nature and its interpretation is a question of law for the court to decide. *Roll v. Keller*,

**608**

336 N.W.2d 648, 650 (N.D.1983); *Dvorak v. Dvorak*, 329 N.W.2d 868, 870 (N.D.1983). In construing the stipulation, we will apply our general rules for interpretation of contracts. *See Galloway v. Galloway*, 281 N.W.2d 804, 805 (N.D.1979).

 A contract must be read as a whole, and every clause, sentence, and provision should be given effect if reasonably practicable. Section 9–07–06, N.D.C.C.; *National Bank of Harvey v. International Harvester Co.*, 421 N.W.2d 799, 802 (N.D.1988); *Vanderhoof v. Gravel Products, Inc.*, 404 N.W.2d 485, 491 (N.D.1987). In addition, a contract may be explained by reference to the circumstances under which it was made. Section 9–07–12, N.D.C.C.; *National Bank of Harvey, supra*, 421 N.W.2d at 803.

The Bureau agreed to "determin[e] on the merits ... what benefits, if any, should be awarded to the appellant," and "if the evidence is supportive of the appellant's position he may be awarded benefits." In his two written requests seeking reconsideration, Olson's "position" was that he was entitled to additional disability benefits based upon a worsening of his medical condition. Viewed in this light, the stipulation can be read as an agreement to consider Olson's change-of-condition argument on its merits, while still giving effect to the parties' agreement that the February 9, 1987, order, finding Olson not to be disabled at that time, was res judicata. This interpretation of the stipulation gives effect to each of its provisions.

The Bureau performed as agreed under the stipulation. Because Olson and his medical expert conceded that Olson's medical condition was essentially the same at the time of the hearing as it had been in February 1987, the Bureau found that Olson's medical condition had not changed. The Bureau was not required to reconsider its finding that Olson was not disabled at the time of its February 9, 1987, order.

We conclude that the district court erred in ordering this case remanded to the Bureau for reconsideration. We reverse and remand to the district court for entry of judgment affirming the order of the Bureau.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.