Delray L. WESTMAN and Raylene Westman, Plaintiffs and Appellants,

v.

David DESSELLIER and Kedney Warehouse Company, Defendants and Appellees.

Civ. No. 900087.

Supreme Court of North Dakota.

July 31, 1990.

Daniel E. Schwandt of Hannig Law Office, Moorhead, Minn., for plaintiffs and appellants.

Patrick J. Mastel of Morley & Morley, Grand Forks, for defendants and appellees.

LEVINE, Justice.

Delray Westman appeals from a district court judgment dismissing his tort action against David Dessellier and Kedney Warehouse Company (Kedney). We affirm.

Westman sued Dessellier and Kedney for injuries stemming from a one-vehicle accident July 8, 1988, approximately nine miles east of Minot on Highway 2. The pertinent facts of this case are recounted more fully in the related case, *Westman v. North Dakota Workers Comp. Bureau*, reported at 459 N.W.2d 540 (N.D.1990). In that case, we held that reasonable minds could have determined that Westman was Kedney's employee at the time of the accident and we affirmed the Bureau's decision on Westman's employment status and entitlement to workers compensation. In the instant appeal, Westman argues that this personal injury suit against Dessellier and Kedney is not barred by the exclusivity provisions of the Workers Compensation Act.

A recitation of the overlapping procedural history of these two cases is in order. On July 8, 1988, Westman filed a claim for benefits with the Bureau. On December 12, 1988, Westman executed a claim withdrawal request form. On January 16, 1989, the Bureau found Westman was a Kedney employee and, without reference to his claim withdrawal request, conferred benefits. On January 30, 1989, Westman filed a personal injury suit in the district court for Grand Forks County against Kedney and Dessellier. On the same day, those defendants moved for summary judgment or, alternatively, for dismissal, claiming that Westman was an employee of Kedney at the time of the accident, that Dessellier was his co-employee, and that the suit was barred by the exclusivity provisions of the Workers Compensation Act. On March 16, 1989, the trial court ordered its entry of judgment on that motion delayed until the Bureau decision on Westman's compensation claim was final.

On April 19, 1989, the Bureau, upon Westman's request, reconsidered its earlier decision, found Westman was not an employee and revoked its January 16 order. Kedney then requested a rehearing. The Bureau's final decision determining Westman was a Kedney employee and had suffered a compensable injury was issued on July 26, 1989. On August 14, 1989, Westman appealed the Bureau decision to the district court for Grand Forks County, the same court in which the personal injury suit had been filed. On January 10, 1990, the district court affirmed the Bureau on appeal. This Court affirmed the district court judgment.

On January 22, 1990, the district court for Grand Forks County granted summary judgment for defendants in the tort action and entered a judgment of dismissal. Westman appealed that judgment to this Court.

The trial court held, upon facts which were undisputed, that as a matter of law (1) Westman was an employee at the time he was engaged in the trip to Minot; and (2) that because the injury arose out of and in the course of his employment it was a compensable injury which would bring Westman within the exclusivity provisions of workers compensation. For purposes of the summary judgment motion, the trial court redetermined those issues independent of the Bureau's decision in the compensation proceeding.

The trial court ultimately resolved the issues as the Bureau had. The trial court did not consider, as it should have,

whether the Bureau's decision on these issues was res judicata in the tort action. *See Stine v. Weiner*, 238 N.W.2d 918 (N.D. 1976); *Lovelette v. Braun*, 293 F.Supp. 41 (D.N.D.1968). The decisions of administrative agencies, including those of the Bureau, may be res judicata even though administrative agencies are not courts. *Vanover v. Kansas City Life Ins. Co.*, 438 N.W.2d 524 (N.D.1989); *Lass v. North Dakota Workmen's Comp. Bureau*, 415 N.W.2d 796 (N.D.1987); *Stine v. Weiner, supra; Lovelette v. Braun, supra.*

When the district court granted summary judgment in this case, it had already affirmed the Bureau decision on employment status and compensability. A prior decision of the Bureau is res judicata as to these same issues in a suit at law to recover for the same injury, whether the effect is to defeat the suit or to defeat a defense to the suit. 3 A. Larson, *Workmen's Compensation Law* § 79.72(d). Although Westman immediately appealed to this Court from the judgment of the district court affirming the Bureau's decision, the pendency of that appeal did not preclude the district court from giving res judicata effect to the Bureau decision because the Bureau decision was "a firm and stable" one, the "last word" of the rendering court, a final judgment. Restatement (Second) of Judgments § 13 comment a (1982).

When res judicata is in question, a judgment ordinarily is considered final if it is not "tentative, provisional, or contingent and represents the completion of all steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement...." *Id.*, at comment b.

Under the better view, a judgment that is otherwise final remains final despite the taking of an appeal unless the appeal is actually a trial de novo. *Id.*, at comment f. Finality is not affected by either an appeal which operates as a stay of execution or enforcement of the judgment appealed from or by the granting of an actual stay pending the appeal from that judgment. *Id.* *Compare with Southern Pacific Com. Co. v. American Telephone & Telegraph Co.*, 740 F.2d 1011 (D.C.Cir.1984) [pendency of appeal does not foreclose res judicata effect if filing of appeal does not vacate judgment].

The fact that an appeal is pending bears on the question whether preclusive effect should be "presently decided" by the trial court in the subsequent matter or postponed until the proceedings related to the judgment appealed from have been concluded. Restatement (Second) of Judgments § 13 comment f. The trial court appropriately postponed decision of the questions in this case until the appeal of the workers compensation decision was concluded. However, because that workers compensation decision was neither tentative nor provisional nor contingent, the trial court erred in failing to give it res judicata effect, when it ultimately considered the issues in the case before it. Nevertheless, the trial court reached the same conclusions as the Bureau did on the issues of employment status and compensability. We affirmed the Bureau conclusions in *Westman v. Workers Comp. Bureau*, 459 N.W.2d 540 (N.D.1990). A correct result reached by the trial court will not be set aside on appeal merely because the trial court assigned an incorrect reason for its decision if the result is the same under the correct law and reasoning. *First Nat'l Bank of Belfield v. Burich*, 367 N.W.2d 148 (N.D.1985).

Giving res judicata effect to the issues of employment status and entitlement to workers compensation benefits, the trial court's only duty was to determine if the exclusivity provisions of the Workers Compensation Act precluded this action.

■ The exclusivity provisions of the Workers Compensation Act are embodied in NDCC §§ 65–01–01 and 65–01–08. Section 65–01–01 provides:

"The state of North Dakota, exercising its police and sovereign powers, declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, hence, for workers injured in hazardous employments, and for their families and dependents, sure and certain relief is hereby provided

regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil claims for relief for such personal injuries and all jurisdiction of the courts of the state over such causes are abolished except as is otherwise provided in this title."

Section 65–01–08 says:

"Where a local or out-of-state employer has secured the payment of compensation to his employees by contributing premiums to the fund, the employee, and the parents of a minor employee, or the representatives or beneficiaries of either, have no claim for relief against such contributing employer or against any agent, servant, or other employee of such employer for damages for personal injuries, but shall look solely to the fund for compensation."

Under our law, once a claimant is allowed to participate in the fund, he or she may no longer elect to bring a lawsuit against the employer, *Hoerr v. Northfield Foundry & Mach. Co.*, 376 N.W.2d 323 (N.D.1985), or a coworker, *Lacy v. Grinsteinner*, 190 N.W.2d 11 (N.D.1971). Thus, the trial court correctly determined that Westman's application for and receipt of workers compensation benefits barred this civil action. Accordingly, summary judgment was proper.[1]

We affirm.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ.

---

1. Westman argues that there are genuine issues of material fact related to Kedney's entitlement to immunity and that those issues should be determined by a jury. However, the question of Kedney's immunity in the civil action because of the exclusivity provisions of our workers compensation law is, of course, a legal question, not a factual one.