William M. RIENIETS, Appellee,

v.

NORTH DAKOTA WORKERS' COMPENSATION BUREAU, Appellant.

Civ. No. 930165.

Supreme Court of North Dakota.

Feb. 28, 1994.

James A. Wentz (argued), Jamestown, for appellee.

Dean J. Haas (argued), Asst. Atty. Gen., North Dakota Workers' Compensation Bureau, Bismarck, for appellant.

---

NEUMANN, Justice.

William M. Rieniets filed a claim with the North Dakota Workers' Compensation Bureau in connection with an employment-related injury suffered on June 23, 1990, and was awarded medical and disability benefits on a 50 percent aggravation basis. Rieniets appealed to the district court, which reversed the Bureau's decision and directed that it pay these benefits on a 100 percent basis. The Bureau appeals from this judgment. We reverse the judgment and reinstate the Bureau's decision.

In 1980, during his senior year in high school, Rieniets injured his right knee while playing basketball. The injury required the March 1981 surgical removal of the medial meniscus and other matter from Rieniets' knee. Rieniets' knee improved after the surgery and he had no problems with it while working heavy labor jobs after graduation.

On March 9, 1982, Rieniets, while employed as an oil rig pipe inspector, accidentally twisted his right knee when his leg was caught between two pipes. One month later, Rieniets underwent a second surgery and a "regenerated" meniscus and some cartilage were removed from his right knee. Rieniets filed a claim with the Bureau. The Bureau awarded him benefits from April 11, 1982, through June 20, 1982, but only on a 50 percent aggravation basis because of the 1980 non-work injury. Rieniets asserted that he never received the letter sent by a Bureau claims examiner informing him that he would receive benefits on only a 50 percent basis because his injury was being treated as an aggravation of the previous non-work injury.

After recovering from the second operation, Rieniets' treating physician approved his return to heavy work. During the next five years, Rieniets worked at a variety of jobs, some requiring heavy labor, without experiencing any work-related difficulties with his right knee.

On July 9, 1988, Rieniets, while employed as a construction laborer, twisted his right leg when his foot was caught in a conveyor belt. No surgery was necessary, but Rieniets' physician placed him on a strengthening program. Rieniets filed a claim with the Bureau. The Bureau paid benefits during the time he was unable to work, from July 9, 1988, through September 26, 1988, again on only a 50 percent aggravation basis. According to Rieniets, he did not appeal this order awarding aggravation benefits because the medical bills resulting from this injury were minimal and "it wasn't worth it to me to fight with" the Bureau over the amount of benefits awarded.

During the next two years, Rieniets held numerous jobs without experiencing any difficulty with his right knee. On June 23, 1990, Rieniets, while employed as a kettleman for a roofing company, slipped on a wet ladder rung, again injuring his right knee. When the knee did not respond to physical therapy, Rieniets' physician performed arthroscopic surgery. The post-operative diagnosis was "early degenerative changes of the medial compartment of the knee, probably secondary to [Rieniets'] old injury and removal of the medial meniscus." Rieniets began encountering problems with his knee locking up and his physician advised him to avoid heavy labor.

Rieniets filed a claim with the Bureau, which issued an order awarding benefits on a 20 percent aggravation basis. Rieniets, having obtained the assistance of an attorney, sought a rehearing. After the hearing, the hearing officer ruled that the aggravation statute applied, but awarded benefits on a 50 percent basis because the physician who treated Rieniets for the 1990 injury was unable to make an apportionment "between the first nonwork injury which triggered the onset of the right knee problem and his three subsequent work aggravations." *See* N.D.C.C. § 65–05–15(4). The hearing officer also reasoned in his memorandum opinion that because the 1982 and 1988 injuries were accepted on a 50 percent aggravation basis, it was unreasonable to apportion the 1990 work injury at less than 50 percent.

Rieniets appealed the Bureau's order awarding 50 percent benefits to district court. The district court ruled that the aggravation statute, N.D.C.C. § 65–05–15, was inapplicable under these circumstances and ordered that Rieniets be awarded benefits on

a 100 percent basis. This appeal by the Bureau followed.

■ We must affirm the Bureau's decision unless its findings of fact are not supported by a preponderance of the evidence, its conclusions of law are not sustained by the findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law. *Matuska v. N.D. Workers Compensation Bureau*, 482 N.W.2d 856, 859 (N.D.1992); N.D.C.C. § 28–32–19.

■ Rieniets asserts that the Bureau erred in applying the aggravation statute under these circumstances. However, it is unnecessary to address this issue because even if we agreed with Rieniets' assertion, we must nevertheless uphold the Bureau's 50 percent aggravation award.

The Bureau determined, and argues on appeal, that the November 25, 1988 order awarding Rieniets benefits on a 50 percent aggravation basis, from which Rieniets did not appeal, is final and res judicata on the aggravation question, providing an independent basis for upholding its decision in this case. We agree.

Section 65–05–04, N.D.C.C., provides:

"*Bureau has continuing jurisdiction over claims properly filed.* If the original claim for compensation has been made within the time specified in section 65–05–01, the bureau at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation. There is no appeal from a bureau decision not to reopen a claim after the bureau's order on the claim has become final."

When a decision of the Bureau is final, it is "entitled to the same faith and credit as a judgment of a court of record." N.D.C.C.

§ 65–05–03; *Westman v. North Dakota Workers Compensation Bureau*, 459 N.W.2d 540, 542 (N.D.1990).

In *Lass v. North Dakota Workmen's Compensation Bureau*, 415 N.W.2d 796 (N.D. 1987), we held that res judicata does not preclude a claimant from requesting benefits in the future based on a change in the claimant's medical condition. We distinguished a request to reopen based on a change in condition from a request to reopen to consider new or additional evidence of the claimant's medical condition at the time of the earlier denial. We said that in the latter situation, the Bureau's decision whether to reopen and relitigate the claimant's earlier medical condition is discretionary and cannot be appealed. We ruled that "absent a reopening, an unappealed decision on an employee's present medical condition is final and res judicata of his medical condition at that time." *Lass*, 415 N.W.2d at 800. *See also Olson v. North Dakota Workers Compensation Bureau*, 453 N.W.2d 606 (N.D.1990).

In this case, the 1988 unappealed decision in which the Bureau found that Rieniets had a "preexisting condition resulting in known impairment or disability" from his 1980 nonwork injury prior to his 1988 work-related injury, became final and res judicata as to the applicability of the aggravation statute regarding Rieniets' subsequent right knee injury.[1] "[P]rior decisions by the tribunal on earlier aspects of the same case are binding...." 3 Larson's Workmen's Compensation Law § 79.72(b) (1993). The 1980 nonwork injury was to Rieniets' right knee, as were all of Rieniets' subsequent work-related injuries. The determination of a preexisting non-work condition sufficient to invoke the aggravation statute, like any decision on compensability, is capable of final determination. *See Westman v. Dessellier*, 459 N.W.2d 545 (N.D.1990).

---

1. We reject Rieniets' assertion that the 1988 Bureau decision cannot have res judicata effect because it relies on the previous 1982 aggravation award which was sent by letter from a claims examiner but was never received by him. The 1988 Bureau decision does not state that the 1982 aggravation award was res judicata on the sufficiency of Rieniets' prior non-work injury and resulting preexisting condition to invoke the aggravation statute. The 1982 aggravation award is mentioned as only part of the factual context of the proceedings. The Bureau specifically found in 1988 that Rieniets had a "preexisting condition" of the right knee that triggered an aggravation award.

While a claimant would not be precluded from asserting that a subsequent work-related injury was not an aggravation of a previously determined preexisting condition, that is not what Rieniets seeks to accomplish in this proceeding. Rieniets is essentially seeking a redetermination of whether his non-work injury resulted in a preexisting condition through presentation of additional evidence of his condition at that time, a procedure that is the same as a request for reopening a claim, which is discretionary and final with the Bureau. *See* N.D.C.C. § 65–05–04; *Manikowske v. North Dakota Workmen's Compensation Bureau*, 338 N.W.2d 823 (N.D.1983); *Jones v. North Dakota Workmen's Compensation Bureau*, 334 N.W.2d 188 (N.D.1983). If we were to accept Rieniets' argument that res judicata does not apply in this situation, every claimant awarded benefits on an aggravation basis would have the right to challenge the determination of a preexisting non-work condition and resulting use of the aggravation statute on every new claim filed. No decision rendered under the aggravation statute would be final.

We conclude that Rieniets may not retry the issue whether his initial non-work injury was a preexisting condition sufficient to invoke the aggravation statute. *See generally Reddel v. Industrial Commission of Arizona*, 131 Ariz. 263, 640 P.2d 194 (Ct.App.1981); *Aetna Insurance Company v. Gipson*, 104 Ga.App. 108, 121 S.E.2d 256 (1961); *Brown v. Board of Industrial Ins. App., Dept. of Labor & Industries*, 11 Wash.App. 790, 525 P.2d 274 (1974). Accordingly, the Bureau's decision apportioning benefits on a 50 percent aggravation basis is correct as a matter of law.

We have considered the other arguments of the parties and they do not affect our decision.

The district court judgment is reversed and the Bureau's decision is reinstated.

VANDE WALLE, C.J., LEVINE, J., and ROBERT L. ECKERT, District Judge, concur.

ROBERT L. ECKERT, District Judge, sitting in place of SANDSTROM, J., disqualified.

MESCHKE, Justice, dissenting.

I respectfully dissent. Rieniets had received no workers' compensation benefits since September 1988, until he was injured on June 23, 1990. In June 1990, he was employed full time "without experiencing any difficulty with his right knee." Therefore, I do not understand how the Bureau could claim, under the *Elliott–Balliet* test and the amended statute, that he had a preexisting disabling condition, an active disability, or an active impairment.

Without any continuing active disability or impairment, I'm puzzled how res judicata can affect his June 1990 injury. In *Lass v. North Dakota Workmen's Compensation Bureau*, 415 N.W.2d 796, 800 (N.D.1987), we clarified that the Bureau could not, by decision, "preclude[ ] benefits in the future, to which [a claimant] might otherwise be entitled, based upon a change in his medical condition." Having recovered from his prior injuries, I do not understand how Rieniets can be precluded from full benefits for a new injury.